OPINION of the Court, by
Judge Owsley.
This tsras an action of assumpsit, brought bv the defendants in error, against the plaintiffs, upon a contract made with the intestate, Benjamin Moore, dec’d. The de fendants pleaded jointly, and in substance, non assump-sit and plene admini&travit. Issues were joined on *98 each plea, and on the trial the defendant Ann Moore, after the evidence was gone through, moved the court to instruct the jury that she, as administratrix, was not liable for assets which came to the hands and possession of her codefendants and administrators, but which had not come to'her hands or possession : the court overruled the motion and instructed the jury that she was liable for the assets which had come to the bands of her co-defendants. A verdict was found against the defendants jointly on both issues, and judgment awarded thereon; from which judgment this writ of error has been prosecuted.
A joinc plea which Is fuffi-cient for one but not for the other is bad,but not in a joint plea of plene ad• mlniittaverunt»
The only question whichis deemed necessary for con-side ration in this cause, is, whether the circuit court erred in withholding the instructions to the jury asked ? We are of opinion the decision was erroneous. Had the defendants pleaded separate pleas of plene adminis-travit, there could exist no doubt: for the rule in such a case is settled, that one executor shall not be charged with the wrong or devastavit of his companion, and shall be no farther liable than for the assets which came to his hands — 3 Bac. Abr. 31, letter D, 2. The same reason requires that the rule should equally apply to the case of administrators ; and it is conceived the circumstance of the plea being joint, as in this case, do£s not change the case : for although it is a rule in pleading, that if two defendants join in a plea which is sufficient for one, but not for the other, the plea is bad as to both defendants ; yet this rule does not apply to the case of a joint plea of plene administravit by executors, and that in such a plea each is only liable to pay the assets found by the jury to be in his own hands — 1 Chit, on Plead. 545 —1 Saund. 336, n 10.
We are of opinion, therefore, the court erred in not giving the instructions asked, and in giving the instructions which they did to the jury. The judgment must be reversed with costs ; the cause remanded for a new trial to be had on the issue joined on the plea of plene administravit, before judgment is entered on the verdict of the jury on the issue to the plea of non assumpsit.