Grundy, et. al. v. Drye, et. al.   Grundy v. Grundy's Exor.

CASE 111—IN EQUITY—DECEMBER 1.

# Grundy, et. al. v. Drye, et. al.
# Grundy v. Grundy's Executor.

1. PERSONAL REPRESENTATIVES—LIABILITY OF EXECUTOR FOR THE ACTS OF HIS CO-EXECUTORS.—The liability of an executor is confined to the assets he receives unless he connives at the devastavit of his co-executor or omits to perform some duty that is made imperative by the will. Where, however, the will directs the investment of moneys for a particular purpose, all of the representatives who undertake the execution of the will are liable for the performance of the duty thus imposed.

2. PERSONAL REPRESENTATIVES—LACHES—PLENE ADMINISTRAVIT.— After the executors had united in resisting a suit by one of the beneficiaries to get the fund claimed by her out of the hands of the personal representatives, and after they had actual knowledge that their co-executor was using the fund in his business, it is too late for them to rely upon the defense of *plene administravit*.

3. APPOINTMENT OF TRUSTEE BY MARRIED WOMAN.—The signing of a writing by a *feme covert* beneficiary appointing a trustee in lieu of a testamentary trustee who had qualified in the County Court, is inoperative to change the trustee, it not appearing that the trustee thus appointed either qualified or executed bond as required by law.

4. DEATH OF BENEFICIARY NO TERMINATION OF THE TRUST.—Upon the death of a beneficiary of a trust fund created by will, the

trust did not cease or terminate, but continued for the benefit of the children and distributees of the original beneficiary.

5. (IN RESPONSE TO A PETITION FOR A REHEARING.) EXECUTORS— LIABILITY AS TRUSTEES.—A judgment having been rendered declaring executors liable as testamentary trustees, one of the executors can not enforce the trust liability against his co-executor who had qualified as trustee and then resigned.

C. C. McCHORD AND CLEMENTS & THURMAN FOR APPELLANT PALMER GRUNDY.

1. The former opinion of this court declaring the liability of the executors, having been delivered upon a demurrer to the petition, is no authority against the soundness of the appellant's answers to that petition. Under the act of 1811, which is still in force in Kentucky, an executor is only liable to the extent of assets which come into his hands. It was a rule of common law and it has been repeatedly held by this court that an executor who received no assets or who faithfully accounted for all he received and handled, can·not be held to pay for the waste or devastavit of his co-executors. Redfield on Wills, vol. 3, 551; Moore's Admr. v. Tandy, 3 Bibb., 97; Young v. Wickliffe, 7 Dana, 447; Roach v. Hubbard, Lit. Sel. Cas., 235, 123; Hord, Admr., v. Lee., 4 Mon., 36; Walker v. Walker, 88 Ky., 615; Mercer v. Glass, 15 Ky. Law Rep., 710.

2. The contention that Palmer Grundy is liable because he with the other two executors made a bond without security, is not sound; first, because the execution of the bond does not change the rights of the parties, and, second, because the case at bar is in no sense an action on the bond. Mercer v. Glass, 15. Ky. Law Rep., 710; Stamp v. Parish, 15 Ky. Law Rep., 55.

3. The appellants having held the fund received by them as executors without compensation, their liability is that of bailee without compensation, and hence, less diligence is required. Messmore v. Stone's Admr., 6 Ky. Law Rep., 596.

4. If the appellant Palmer Grundy can be held at all by reason of the execution of the joint bond, he is liable simply as surety, and the allegation of the execution of the bond and the breach is insufficient. That palpable and fatal error can not be cured by filing a copy of the bond. Feland v. Ball, 9 Ky. Law Rep., 105; Brewer v. Hill, 9 Ky. Law Rep., 329; Blackwell v. White, 17 Ky. Law Rep., 680; Yeiser v. Todd, 6 Ky. Law Rep., 597;

Grundy, et. al. v. Drye, et. al.   Grundy v. Grundy's Exor.

Green v. Page, 80 Ky., 368; Powers v. Tyler, 4 Ky. Law Rep.. 173; Newman Pl. & Pr., 443, 429, 432, 433; Allen, &c., v. Kennedy, &c., 10 Ky. Law Rep., 336; Helm v. Donnelly, 5 Ky. Law Rep., 517.

5. If the appellant Palmer Grundy was bound as surety by the execution of the joint executorial bond, he was not liable for the trust fund, the administration of which constituted no part of the executor's duty.   Clay v. Hart, 7 Dana, 1; Speed v. Nelson, 8 B. M., 499; Neely v. Merritt, 9 Bush, 346; Warfield v. Brand's Admr., 13 Bush, 77; Warren v. Benton, 3 Ky. Law Rep., 332; Hessey v. Hessey, 1 Ky. Law Rep., 424; Laurel County Court v. Trustee, &c., 93 Ky., 379; Perry on Trusts, 415; Story's Eq., 1280.

6. Special purpose of the testator having been carried out fully, the trust ceased at the death of Mrs. Tucker.   The beneficiaries of the trusts have power even where the assets is in land to convey or transfer the trust property.   Buford v. Guthrie, 14 Bush, 677; Walker v. Spalding, 1 Ky. Law Rep., 64; Jenkins v. Keith, 14 Ky. Law Rep., 75.   New trustees may be named by agreement of all the parties interested.   Grimes v. French, 13 Ky. Law Rep., 398.

7. An executor is not liable for his co-executor.   Cox v. Barlow, 5 Redf. (N. Y.), 406; Paulding v. Sharkey, 88 N. Y., 432; Lacey v. Davis, 5 Redf., 301; Manz v. Oakley, 120 N. Y., 84; Taylor v. Shuit, 4 Denr., 528; Darnaby v. Watts, 13 Ky. Law Rep., 457; Pelly v. Brower, 7 Bush, 513.

8. Where a *cestui que trust* acquiesces for years in the failure of one of the trustees without steps, she can not hold another liable for the wrong.   Dyer v. Riley (N. J. Ch.), 26 Atl. Rep., 327.

9. An executor who is also made trustee, holds the fund as trustee as soon as he assents to the legacy.   Dix v. Buford, 19 Beav., 409.

W. J. LISLE for S. R. GRUNDY'S EXECUTOR.

1. The County Court had no authority to take from S. R. Grundy a bond as testamentary trustee.   The whole proceeding was void.   The County Court is a court of special, limited jurisdiction, fixed by statute, except in cases of probate of wills and granting administration general jurisdiction is given. Clemens v. Caldwell, 7 Bush, 134; Hopkins v. Morgan, 3 Dana,

828          KENTUCKY REPORTS.          [Vol. 104.

Grundy, et. al. v. Drye, et. al.  Grundy v. Grundy's Exor.

18; Gilbert v. Bartlett, 9 Bush, 49; Freeman v. Strong, et. al., 6 Dana, 282; Chaudet v. Stone, 4 Bush, 210; Small v. Small, 2 Bush, 45. An official bond to be good must be such as the law authorizes to be taken, and it must be taken alone as authorized by law. Ky. Stat., sec. 4569.

2. S. R. Grundy was not liable as trustee and could not have been sued unless the money or funds had been paid him, or such a state of things existed as might authorize the presumption the money and funds had been paid him. Jennings v. Davis, 5 Dana, 127. To become trust property in the hands of trustees, such trust property must be severed from the testamentary property and appropriated to the purposes pointed out under the will. Warfield v. Brand's Admr., 13 Bush, 77; Hill on Trusts, 364. The executors had no right until nine months after their qualification to pay the money to the trustees. Ky. Stat., 3860; Robinson's Committee v. Elam's Exor., 90 Ky., 300.

3. Susan Tucker and her husband and heirs are estopped to hold S. R. Grundy's estate liable by virtue of the fact that they named Thomas S. Grundy as trustee. Herman on Est., sec. 323; Connolly v. Branstler, 3 Bush, 702; Stone v. Werts, Id., 486; Foster v. Shreve, 6 Bush, 519.

JOHN W. LEWIS ALSO FOR APPELLANT.   (Brief not in record.)

W. C. McCHORD FOR APPELLEES.

1. Susan Tucker was only entitled to a life interest in one-third of the money left by her father, with remainder to her children.

2. The opinion of this court on a former appeal (83 Ky., 541) is mandatory, and the direction to hold the executors responsible as trustees of the funds in their hands left the trial court with no discretion but to carry out that mandate.

3. The plea of *plene administravit* is not well taken. The cases of Moore's Admr. v. Tandy, 3 Bibb., 97, and Young v. Wickliffe, 7 Dana, 447, were decided under the statute of January 31, 1811. Morehead & Brown Statutes of Ky., vol. 1, p. 672. In the case of Walker v. Walker's Exor., 88 Ky., 615, the court lays down this rule: That the executor's liability is confined to the assets he received unless he connives at the devastavit of his co-executor or omits to perform some duty that is made imperative by the will. In the case of Collins v. Carlisle's Heirs, 7 B. M., 13, it was held that the execution of a joint bond by personal

Grundy, et. al. v. Drye, et. al.  Grundy v. Grundy's Exor.

representatives made each liable for the acts of the other. In the case at bar the appellants knew of the misapplication of the funds by their executor and were consequently liable to the beneficiaries.  Story's Eq., secs. 1280 a, 1284.

4. The paper executed by Mrs. Tucker and her husband, by which she attempted to appoint Thomas S. Grundy trustee, did not have the effect of the discharge of Samuel R. Grundy's executors under the will of Charles Grundy.  Perry on Trusts, secs. 274, 285, 287, 294, 296.

SAMUEL AVRITT for appellees Drye and Tuckers.

1. The former decision of this court in the case between the same parties in 83 Ky., 541, was a final judgment fixing the rights of the parties and defining the relation that the executors bore to the trust fund in controversy.  Brown v. Crow, Hardin, 451; McLean v. Nixon, 18 B. M., 774; Scott v. Scott, 9 Bush, 174; Denny v. Wickliffe, 1 Met., 216; Holley v. Holley, 5 Lit., 290; Kennedy v. Merredith, 4 M., 409; Nelson v. Clay, 7 J. J. M., 138.

2. If the appellants desired to release themselves from liability for Thomas Grundy's failure to settle as trustee, they could have taken steps to protect the fund.

CLEMENTS & THURMAN and C. C. McCHORD for appellant, Palmer Grundy, in a petition for a rehearing.

1. The court affirmed the case of Palmer Grundy, appellant, v. S. R. Grundy's Exrx., appellee, under a misreprehension of the state of the record, saying it was not properly before the court.  This case was before the court, not upon cross appeal, but upon direct appeal, and was submitted by written agreement.

2. The action must be on the bond before Palmer Grundy can be held, and then he can be held only as surety on S. R. Grundy's trustee bond.  Laurel County Court v. Trustees, &c., 93 Ky., 379 and 383.

3. An executor who is also trustee, holds the fund as trustee, as soon as he assents to the legacy; S. R. Grundy was executor and trustee, and his estate alone is primarily liable.  Dix v. Buford, 19 Beav., 404.

4. An executor is never liable for a trust fund not in his hands and over which he has no control.  Warfield v. Brand, 13 Bush, 77; Hessey v. Hessey, 1 Ky. Law Rep., 424; Laurel County Court v. Trustee, 93 Ky., 379; Walker v. Walker, 88 Ky., 615.

5. Where negligence is relied upon as the basis of recovery, it

**830**      KENTUCKY REPORTS.      [Vol. 104

Grundy, et. al. v. Drye, et. al.   Grundy v. Grundy's Exor.

must be plead. It is nowhere plead in this case, but if plead, it is denied; and if such issue is made, it is an issue of fact that Palmer Grundy is entitled to have submitted to a jury. Carder and Vallandingham v. Weissenburgh, 95 Ky., 135.

6. When Palmer Grundy signed his name as surety to the bond of Samuel R. Grundy, trustee for Susan Tucker, he did all that was in his power toward preserving this trust fund.

7. The judgment is a joint judgment for a joint recovery in favor of appellees, and is therefore erroneous. Pell v. Bower, 7 Bush, 513.

Appellees' response to appellant's petition for a rehearing not in the record.

CLEMENTS & THURMAN AND C. C. McCHORD FOR APPELLANT PALMER GRUNDY, IN A REPLY TO THE RESPONSE OF SAMUEL R. GRUNDY'S EXECUTORS, TO HIS PETITION FOR A REHEARING.

1. The bond of S. R. Grundy as testamentary trustee would be good as a common law bond whether valid as a statutory bond or not. Cotton's Gdn. v. Wolf, 14 Bush, 238; Brady v. Butts, 15 Ky. Law Rep., 127.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

Charles Grundy died, testate, in the year 1881, and his sons, Thomas and Palmer Grundy, and his brother, Samuel R. Grundy qualified as executors on the 24th day of October, 1881, executing their own bond, without security. By the terms of the will, Samuel R. Grundy was not only named as executor, but also trustee of testator's daughter, Mrs. Tucker; and he qualified as trustee, with Thomas S. and Palmer Grundy as sureties, on October 25, 1881, in the County Court of Washington county. On June 22, 1882, he filed in the same court his resignation as trustee, but no order has been made by that court discharging him from the trust. On November 24, 1883, the executors made a settlement of their accounts in the County Court, which showed that there was going to each of the three children of Charles Grundy, to-wit, Thomas S. Grundy, Palmer Grundy, and Mrs. Tucker, $6,735.76. On August 21, 1884,

Mrs. Susan Tucker and her husband, James H. Tucker filed a suit in the Washington Circuit Court seeking to discharge the trust imposed by the will on Samuel R. Grundy, for the reason, as set out in the petition, that Samuel R. Grundy had refused to act as trustee, and because of her inability to induce any one else to do so, in his stead, and asked the court to enter judgment discharging the trust, and for payment by the executors of her share of the personalty directly to herself.  To this petition a general demurrer was filed by the executors, and sustained, and the action dismissed.  On appeal to this court, that judgment was reversed on January 28, 1886, this court saying:  "We do not think the facts stated in the petition are such as to authorize a judgment discharging the trust whereby the manifest intention of the testator will be defeated. . . . . In this case, Samuel R. Grundy, having once accepted the office of trustee, it seems to us, was not by the mere tender of his resignation in the County Court discharged from his duties.  But, whether he was or not, as one of the executors of the will he is to be regarded as a trustee as to the money in the hands of the executors, and he and the other executors should be held accountable to Lucy Tucker for the interest thereon to the date of the settlement. . . . . The judgment must be, therefore, reversed, and the cause remanded, with directions to hold the executors responsible for the funds in their hands for the use of Lucy Tucker, until a trustee is appointed in the place of Samuel R. Grundy, which the court, in its discretion, may or may not do."  See 83 Ky., 541.

After the return of the case to the Circuit Court of Washington county, no further steps were taken therein until the September term, 1891, when the case was ordered to be reinstated upon the equity docket.  At the March

term, 1892, the cause was preferred to the master commissioner, to ascertain the amount in the hands of the defendants, as executors of Charles Grundy, devised in trust to Susan Tucker by the will of her father, and also to report what sums had been paid to Susan Tucker, and the commissioner was directed to report to the next term of the court. No report was made under this order of reference before the death of Mrs. Tucker, who died in 1893, intestate, leaving, surviving her, her husband, James H. Tucker, and three children. James H. Tucker, before he died, transferred all his interest in the fund due his wife to his children by Susan Tucker, and this transfer was filed in the records of this case. On May 5, 1894, after the death of James H. Tucker, the children of Susan Tucker instituted their action against the executors, to recover what was due their mother, as shown by the County Court settlement; and on the 14th day of May, 1894, Thomas S. Grundy filed a suit in equity against Palmer Grundy, the personal representative of Samuel Grundy and the children of Susan Tucker, and asked and obtained from the clerk an injunction restraining the plaintiffs from prosecuting actions against him, and proceeding to collect their claims against him except in that suit. Thereupon the children of Susan Tucker filed answer and cross petition in the suit instituted by Thomas S. Grundy, as executor of Charles Grundy, setting up their claim. The defendants filed general demurrer to the suit of the heirs and representatives of Susan Tucker against the executors which was sustained; and in the suit of Thomas Grundy, executor of Charles Grundy, against the heirs and representatives of Susan Tucker, a demurrer to their answer was sustained also. From these judgments, they appealed to this court, and they were both reversed on April 1, 1896, this court saying: "These two

cases must go back, and be consolidated, and a settlement made, and a judgment rendered for what is due from the trust fund to the parties entitled to it.   The personal representative of the deceased husband of Mrs. Tucker should be made a defendant, although it appears that his interest was transferred to his children in his lifetime.   This he had the power to do.   Still, his personal representative may contest the transfer, and, if he is not a defendant, either party may bring him before the court by proper pleading.   The ordinary action must be transferred to equity, and tried with the case of Thomas Grundy.   The judgments are both reversed and remanded for that purpose, and that a settlement may be had and a judgment rendered for what is due the appellant."   Drye v. Grundy's Ex'rs, 18 Ky. Law Rep., 13 [35 S. W., 119].   In the meantime, in July, 1895, Thomas S. Grundy, one of the executors, made an assignment, and it seems to be admitted in the record that he is insolvent.

After the return of the cases to the lower court, Samuel R. Grundy's executor and Palmer Grundy both filed answers.   Samuel R. Grundy's executor denies any liability by reason of having qualified as trustee, because the County Court of Washington county had no authority to take any bond as trustee, and that Thomas S. Grundy, one of the executors of the will of Charles Grundy, had, in fact, handled, collected, and managed the estate of Charles Grundy, deceased, under his will; that he did not receive or handle any of the assets; and that the executors had never at any time set apart any of the funds or assets in their hands for the benefit of Susan Tucker; and further relied upon the fact that on the 17th day of March, 1884, Susan Tucker and her husband, James H. Tucker, had appointed Thomas S. Grundy trustee, instead of S. R. Grundy; "that

[53]

834      KENTUCKY REPORTS.      [Vol. 104.

Grundy, et. al. v. Drye, et. al.  Grundy v. Grundy's Exor.

Thomas S. Grundy had accepted the trust, and acted under it, and retained in his hands, by consent of the *cestui que trust*, all the trust funds from year to year, making payments of the interest to the beneficiaries of the trust." And the defendant, Palmer Grundy, for answer to the petition of appellees, seeks to escape responsibility—First, because he says he had never collected or received any property or assets of his father's estate, or exercised any dominion or authority or control over same, and had only received his portion as one of the devisees under the will long after the settlement made in November, 1883.  He alleges that his brother, Thomas S. Grundy was the real executor, and had charge and control of all the assets, to the exclusion of the defendant, and paid to him his portion under the will.  He further relied upon an alleged agreement entered into between Susan Tucker and her husband, James H. Tucker, by which, on the 17th of March, 1884, Thomas S. Grundy was appointed trustee for Susan Tucker, in place of Samuel R. Grundy, which place he accepted, and that at that time he had the funds due Susan Tucker, and "had held and retained said funds under said contract ever since;" and he says that this was a valid and binding contract, and that, by the execution of same, these executors were discharged, and that Thomas S. Grundy was alone liable.  The Circuit Court sustained general demurrers to these answers, and the cases are again before this court on appeal; and the question to be decided is, does either the answer of Palmer Grundy or that of S. R. Grundy's executor state facts sufficient to support a defense to the action?

The first defense relied on is the plea of *plene administravit*, it being contended by both defendants that Thomas S. Grundy was the real executor, and had charge and control of all the assets, to the exclusion of the defendants.

This court has always recognized the doctrine of the common law, as to the liability of one executor for the acts of another; and the personal representative who has been faithful in his trust may plead *plene administravit*, although his co-executor has committed a devastavit.   As one executor has no power to prevent his co-executor from receiving the assets, his liability is confined to the assets he receives, unless he connives at the devastavit of his co-executor, or omits to perform some duty that is made imperative by the will.   See Moore's Adm'r v. Tandy, 3 Bibb, 97, and Young v. Wickliffe, 7 Dana, 447.   But the rule is equally well settled that the provisions of a will directing the investment of moneys for a particular purpose must be executed by the representatives who undertake the performance of the trust.   To permit money to be collected by one executor, and to be retained by him for his own purpose for such a length of time as would be unreasonable, instead of making the investment, would make all responsible.   See Walker v. Walker's Ex'rs, 88 Ky., 625 [11 S. W., 718].

In this case all the executors named by the will qualified, and, as authorized by the will, executed a joint bond, without security.   They made a general settlement of their accounts; and they jointly resisted the suit of Mrs. Tucker, filed in August, 1884, in which she alleges that "the estate of her father had been settled, and the money paid over under the will, except the third due to her, which still remains in the hands of said executors."   There was no claim at that time by Palmer or Samuel R. Grundy that this fund was not in their hands as executors; and it was upon this state of fact that the judgment of the Circuit Court was reversed by this court, in January, 1886, and the cause remanded, "with directions to hold the executors responsible for this fund in their hands for the use of Lucy

Tucker until a trustee is appointed in the place of Samuel R. Grundy." Upon the return of this case, if Samuel R. Grundy or Palmer Grundy had wished to be relieved from the responsibility for this fund, they had ample opportunity to have done so before Thomas S. Grundy became insolvent. But no steps whatever were taken by them to have a trustee appointed to take charge of the fund. On the contrary, they permitted their co-executor, Thomas S. Grundy, to convert the money of Mrs. Tucker to his own use. Story Eq. Jur., sec. 1180, says: "If one executor knows that the assets received by the other executor are not applied according to the trusts of the will, or in due course of administration, and he stands by and acquiesces in or suffers the assets to be wasted by such executor, without any effort to require or compel a due execution of the trust and a due application of the assets in the course of the administration thereof, he will be held liable for any waste or misapplication of such assets." Section 1273: "Whenever a trustee or executor, by his own negligence or laches, suffers his co-trustee or co-executor to receive and waste the trust fund or assets of the testator, when he has the means of preventing such receipt and waste by the exercise of reasonable care and diligence, then, in such case, such trustee or executor will be held personally responsible for the loss occasioned by such receipt and waste by his co-trustee or co-executor. * * *" Section 1284: "So, if one trustee shall wrongfully suffer the other to retain the trust money a long time in his own hands without security, or should lend it to the other on his simple note, or should join the other in lending it to a tradesman upon insufficient surety, in all such cases he will be deemed liable for any loss."

In this case, Palmer and Samuel Grundy knew that this

money had not been paid over to the trustee, as directed
by the will; they knew that Thomas S. Grundy was using
it in his business; they united with him in resisting the
suits instituted by Mrs. Tucker to get this fund out of his
and their hands; and it is now too late for them for the first
time to rely upon the defense of *plene administravit.* At
best, they have been guilty of great negligence, in the dis-
charge of their duty as executors.

The next defense relied on is that on the 17th day of
March, 1884, Susan Tucker and her husband appointed
Thomas S. Grundy trustee, in place of Samuel R. Grundy,
by the following paper: "Whereas, Charles Grundy, by
his will, which is of record in the Washington county clerk's
office, vested certain funds in Samuel R. Grundy in trust
for the benefit of Susan G. Tucker, on terms stated in the
will, and said S. R. Grundy declines to act as trustee, and
the fund aforesaid is in the hands of the executors:   Now,
therefore, in order to carry out the purpose of said trust as
near as may be, and render the fund productive, the said
Susan G. Tucker and her husband, James H. Tucker, do
hereby appoint Thomas S. Grundy trustee in the room and
stead of S. R. Grundy; and the said Thomas S. Grundy ac-
cepts said trust upon the following terms, that is:   He is
to remain as trustee for three years, provided he chooses
to continue for that time, but he reserves the right to re-
sign at any time by leaving with the Washington county
clerk a writing declaring his resignation, and then giving
notice thereof to the said Susan G. Tucker. While this trust
continues, the trustee aforesaid is to pay all taxes upon
the trust fund, and is, in addition, to pay said Susan G.
Tucker annually four per cent. upon the amount of the
principal fund.   Out of the four per centum the said Susan
G. Tucker is to pay annually, to the widow of Charles

**838**      **KENTUCKY REPORTS.**      [Vol. 104

Grundy, et. al. v. Drye, et. al.   Grundy v. Grundy's Exor.

Grundy, one-third of one hundred and twenty-five dollars for her support, which the children of Charles Grundy have agreed to pay. The parties to this instrument mutually agree to abide by and perform the foregoing stipulations. This, the 17th day of March, 1884. Susan G. Tucker. James H. Tucker." It is not alleged that this paper was ever signed by Thomas S. Grundy, or that he ever qualified as trustee thereunder, and executed the bond required by law; and this writing seems to have been filed in this record by the appellees, which indicates that it had never been delivered by the makers thereof, it having remained in the possession of Susan Tucker's heirs. And it further appears from the record that this paper bears date more than five months before the date of the institution of the suit by Susan Tucker and her husband, asking to have this fund paid over to her, because no trustee could be found to act, the allegation of that petition being that "she had been unable to find any one who would be willing to take upon himself the burden of such trusteeship, though she had often tried to do so." Both of these appellants united in the general demurrer to this petition, thus admitting the truth of this allegation, which is wholly at war with their present contention. It is evident from the record that this alleged agreement was never, in fact, perfected, and it can be considered, at most, as only the consent on the part of Mrs. Tucker and her husband that Thomas S. Grundy might act as trustee, and it did not relieve the appellees from the responsibility of seeing that he was properly appointed, qualified, and gave bond before some court of competent jurisdiction. Besides, the *cestui que trust* was a married woman, and incapable of making such an appointment. Mr. Perry, in his work on Trusts (section 287), says: "The duties and powers of trustees can not be delegated to

others, unless there is express authority for that purpose given in the instrument creating the trust. It follows that a power to appoint new trustees can seldom or never exist, except in express trusts created by deed or will. * * * The power to appoint new trustees in place of the original ones can only be given by the author and creator of the trust; for, in cases where courts are called upon to appoint trustees, authority to appoint successors will not be given, but recourse must be had to the courts *toties quoties*." We conclude, therefore, that this is not an available ground of defense.

It is argued by appellants that appellees had no interest in this fund under the will of their grandfather; that, upon the death of their mother, her surviving husband became the beneficiary thereof; and that, therefore, after her death, the fund remained in the hands of Thomas S. Grundy, as bailee for the use and benefit of the children of Mrs. Tucker, free from all trust character. We can not concur in this contention. Appellants became liable for the security of this fund when they qualified as executors of the will of Charles Grundy, and they can only be discharged by a performance of the duties imposed upon them, to see after the safety of the trust fund; and this obligation continued, notwithstanding the death of Mrs. Tucker.

Several other questions are suggested by the brief of counsel, but, upon the whole case, we are of the opinion that the demurrers were properly sustained. The question raised by the contention of Palmer Grundy, that Samuel R. Grundy's estate should answer for the whole of this fund, is not properly before this court on this appeal; nor are the issues raised by the exceptions to the master commissioner's report. The judgment for $5,000 appealed from

is only for the amount not controverted thereby. For the reasons indicated, the judgment is affirmed.

On February 9, 1899, the following extension of the opinion was delivered by the court:

After the case of Palmer Grundy, etc., against Nannie T. Drye, etc., had been briefed and submitted, Palmer Grundy filed with the clerk of the Court of Appeals a copy of the judgment of the court below sustaining the demurrer of Mrs. Sallie Grundy to his amended answer and cross petition, and the clerk granted him an original appeal; and counsel agreed in writing that as the records and parties were identical the two appeals could be heard together. In considering the case of Palmer Grundy, etc., against Nannie T. Drye, etc., the fact of the granting of the subsequent appeal was not called to the attention of the court, and for that reason was not considered in the opinion heretofore rendered in this case; and we are asked by counsel for both parties, in the petition for rehearing, to pass upon the question raised by the amended answer and cross petition of Palmer Grundy against his co-defendant, Samuel R. Grundy's administrator, in which it is alleged that as Samuel R. Grundy was appointed by the will trustee of the fund devised by Charles F. Grundy to his daughter, Mrs. Tucker, and qualified thereunder, he was not released by his resignation and failure to collect the fund, that the sole responsibility for this trust fund rests upon his estate, and that it alone should be held liable therefor. As stated in the original opinion herein, this record shows that Thomas S. Grundy, Palmer Grundy, and Samuel R. Grundy all qualified as executors of the will of Charles F. Grundy on October 25, 1881, and that on the same day Samuel R. Grundy qualified as trustee of Mrs. Tucker, with Thomas S. and Palmer Grundy as his sureties, and that on the 22d

day of June thereafter he filed in the same court in which he qualified his resignation as trustee, declining to collect the fund or to act under the appointment.   This was before the time a personal representative was authorized to distribute the estate of a decedent after qualification, under section 3860 of the Kentucky Statutes, and about seventeen months before these executors made any settlement of their accounts or distribution of the assets which came to their hands; and in the suit of August, 1884, instituted by Mrs. Tucker and her husband, asking for a discharge of the trust against Samuel R. Grundy and the other executors, it was expressly alleged that Samuel R. Grundy had refused to act, and that she was unable to induce any one else to do so; and in the opinion rendered on January 28, 1886, by this court (Tucker v. Grundy, 83 Ky., 541), upon appeal prosecuted from the judgment of the lower court dismissing her petition on demurrer thereto by the executors, it was said, "When property has been bequeathed in trust, and the trustee appointed refuses to take, the court will decree the execution of the trust by the personal representative, who is deemed the trustee, if the trust estate is personal property;" and in reversing the judgment the court said, "The cause is remanded with directions to hold the executors responsible as trustees of the fund in their hands for the use of Susan Tucker until a trustee is appointed in the place of Samuel R. Grundy, which the court, in its discretion, may or may not do."   This opinion placed upon all the executors joint liability for this fund, and appellant, being a party to the suit, was bound by the decision in that case, and was bound to know that his uncle had never collected any part of the fund from the executors, and had refused to act in the capacity of trustee, and that he was equally bound therefor.   Samuel R. Grundy

died in 1888, and three years thereafter appellant, in February, 1891, signed this agreement:   "Mr. John W. Lewis: You are hereby directed. to take no steps in the case of Susan G. Tucker, and against T. S. Grundy and *others*, and not have said cause returned to this court's docket, or to do anything else therein, at present term of the Washington Circuit Court; but, if no settlement of said matter is made *by the defendant* by the next September term of the Washington Circuit Court, you may then have said cause returned to said court's docket, and take all other necessary steps to accomplish a settlement of said matter.   February 27, 1891.   The above writing is an agreement between Susan G. Tucker and Thomas S. Grundy, one of the executors of Charles Grundy, deceased, and is in no wise to release any of the securities or co-administrators of said estate. (Signed), Susan G. Tucker.   James H. Tucker, Thomas S. Grundy, Palmer Grundy."

Appellant undoubtedly at this time knew of and recognized his liability on this bond, and not only failed to take any steps to have a trustee appointed to take charge of the fund, but consented to still further delay in the settlement of the trust.   It seems to us, upon all the facts in evidence in this record, that the judgment of the chancellor sustaining the demurrer to the answer and cross-petition of Palmer Grundy against Samuel R. Grundy's administrator was proper, and that judgment is affirmed and the petition for rehearing overruled.