CASE 81—EQUITY—APRIL 3.

# Jewell v. Clark's ex'r.

APPEAL FROM NICHOLAS CIRCUIT COURT.

1. A party became indebted after June 1, 1866, and while in debt inherited land from his father. He is entitled to a homestead out of the land.

2. Not so if he had purchased the land.

ROSS & KENNEDY FOR APPELLANT.

1. Appellant is not a purchaser. The land was derived by descent from his father.

2. The statute as to purchasers has no application to him. (Gen. Stat., art. 13, sec. 9, chap. 38; 2 Wash. on Real Property, 401; Brame v. Craig, 12 Bush, 404.)

JUDGE COFER DELIVERED THE OPINION OF THE COURT.

The appellant was a *bona fide* housekeeper with a family, and resided on land belonging to his father; his father died intestate, and in the division of his estate, the land on which appellant resided was alotted to him, and he continues to reside upon it.

Afterward the appellees, having a judgment against the appellant, rendered in the life-time of his father, for a debt created since June 1, 1866, sued out an execution, which they caused to be levied upon the land allotted as above to the appellant. The land was sold and the appellees purchased it, and the appellant, being still in possession, brought this suit to quiet his title, claiming the land, which is worth less than $1,000, as a homestead.

The court below sustained a demurrer to his petition, and he has appealed.

The statute provides that the exemption therein provided for "shall not apply to sales under execution, attachment, or judgment, at the suit of creditors, if the debt or liability

existed prior to the purchase of the land or the erection of the improvements thereon." (Section 16, article 13, chapter 38, General Statutes.)

The object of this provision was to prevent debtors from purchasing homesteads after creating debts or liabilities, and then claiming the exemption against such debts. The means with which a homestead was purchased might be the very means to which the creditor looked for payment, and gave the debtor the credit which enabled him to create the debt; and it would be unjust to the creditor to allow the debtor, by thus investing in a homestead, the means on the faith of which he obtained credit to defeat the collection of the debt. But when the debtor derives title to the homestead by descent, no injury is done to the creditor in exempting the homestead so acquired. The means upon the faith of which he gave credit have not been diverted, and the case does not therefore come within the reason of the statute, and the rule that a case not coming within the reason of a remedial statute is not affected by it applies.

The case, however, does not come within the letter of the law. It is only when the land is *purchased*, or the improvements are erected after the creation of the debt, that the exemption is denied. The appellant derived his title by *descent* and not by *purchase*.

Judgment reversed, and cause remanded, with directions to overrule the demurrer.