PERRY DWELLY *v.* JOSEPH GALBRAITH, ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—891.]

### Homestead on Undivided Land.

Where one inherits an undivided interest in ten acres of land and by consent of the other heirs builds a house on a part of it,

which they agree may be set off to him, he is entitled to his exemption even before the land is partitioned and conveyed to him, but where the debt was created and execution issued before the improvements were made, these improvements may not be held as against such prior debts.

## APPEAL FROM ROBERTSON CHANCERY COURT.

### April 14, 1883.

OPINION BY JUDGE HARGIS:

The appellant, Perry Dwelly, inherited an undivided interest of ten acres of land from his father. After his father's death the appellee caused an execution, which he sued out against appellant, to be levied on that undivided interest, but before the sale was made appellant erected improvements on ten acres which his brothers and sisters consented and the appellees recognized to be his proper part, and moved on it with his family and on the day of sale claimed it as his homestead. The court adjudged against his claim to homestead and the appellant has appealed.

In the case of *Jewell v. Clark's Exr.,* 78 Ky. 398, this court held that Jewell, who was a bona fide housekeeper and resided on his father's land before the latter's death and was afterwards allotted the same land, on which he continued to reside, was entitled to homestead on the ground that the statute, which excluded from its benefits those whose debt or liability existed prior to the purchase of the land or the erection of the improvements thereon, does not deny exemption if the title be derived by descent and not by purchase. Gen. Stat. 1881, ch. 38, art. 13, § 16.

In the case before us the title was derived by descent and the appellant was entitled to a reasonable time, depending upon the circumstances, to enter and erect improvements upon his share so as to make it fit to occupy as a homestead. Until he neglects a reasonable opportunity he should not be deprived of his right to make a homestead out of his patrimony over which he has no control till his father's death. This position is supported by the analogous doctrine that allows time to sell one's homestead and remove to another. We are, however, of the opinion that the spirit and purpose of the statutory exclusions from its benefits would be violated, if the appellant were allowed to hold, free from his prior debts or liability, the im-

provements made by him after constructing them. There may be some difficulty in subjecting the improvements, but no more than where a debtor to avoid payment of his debts consumes his means by erecting improvements on his wife's land. We can see no reason that does not apply equally to the subjection of improvements erected after the creation of the debt or liability, whatever be the source of the title to the land on which they may be erected.

This is justice and certainly within the spirit of the statute whose object, as stated in the case cited, "was to prevent debtors from purchasing homesteads after creating debts or liabilities, and then claiming the exemption against such debts," or erecting improvements on their lands after creating debts, perhaps to produce the very material with which the improvements are made, or by reason of which he is enabled to erect them, and then claim their exemption. There is no merit or honesty in any such conduct and we can not believe the legislature intended to exempt homesteads or improvements purchased or erected by such methods.

Wherefore the judgment is *reversed* and cause remanded for further proceedings consistent with this opinion with leave to either party to amend their pleadings, if which be done within a reasonable time so as to authorize the relief the improvements and land on which they are erected should be rented out until appellees' debt should be paid, or by consent of the appellant the lands and improvement may be sold and the value of the land paid to him, and that of the improvements to the appellees, not exceeding the amount of the execution.

*Wingfield Buckner, for appellant.*