CASE 69—PETITION  EQUITY—OCTOBER 6.

# Creager v. Creager, &c.

### APPEAL FROM HARDIN CIRCUIT COURT.

1. HOMESTEAD.—A debtor is not entitled to a homestead in land upon which he had never resided up to the time it was sold under a decree obtained by his assignee for the benefit of creditors. The mere fact that it was acquired by descent and not by purchase is not sufficient to entitle him to a homestead.

2. ASSIGNMENT FOR CREDITORS.—A creditor claiming the benefits of a deed of assignment for the benefit of creditors may join issue with the debtor as to his right to a homestead attempted to be reserved by the deed, provided he does so before he has accepted any of the benefits of the assignment.

3. SAME.—An assignee for the benefit of creditors is not responsible to creditors for crops growing on the debtor's land at the time of the assignment, he having accepted the trust with the understanding and agreement with the debtor that said crops were to be excepted from the assignment, and the debtor having held and disposed of them under that agreement.

4. SAME.—A deed of assignment was made about the middle of April. The assignee, on the second of June, commenced proceedings for the purpose of selling the lands assigned and making distribution. The land was sold in August. *Held*—That the assignee was not culpable in not renting out the land.

WILSON & SPRIGG FOR APPELLANT.

1. By an assignment in trust for the payment of debts the crops growing on the land at the time of the assignment, or planted before sale by the assignee, passes by the assignment to the trustee.

2. As appellee never lived on the land in controversy up to the time it was sold, he is not entitled to a homestead, nor is appellant estopped to deny his right to a homestead.

W. H. MARIOTT FOR APPELLEES.

1. A deed of assignment in trust for creditors, reserving property exempt from execution, does not pass growing crops.

2. Appellees are entitled to a homestead. Where a debtor has acquired land by gift or descent he is entitled to a homestead therein, although the debt to which it is sought to be subjected existed prior to its acquisition. (Holcomb v. Wood, 8 Ky. Law Rep., 255.)

Appellees are also entitled to a homestead, for the further reason that appellants having once accepted the deed of assignment by taking distribution under it, they are bound by all its provisions, including the provision reserving a homestead. (Hasty's Heirs v. Berry, 8 Ky. Law Rep., 55; Leavell, &c., v. Leavell, &c., 4 Ky. Law Rep., 889.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

Thomas Creager, cross-appellant, in April, 1885, conveyed to the appellee, May, all of his real estate in trust for the equal benefit of appellant's creditors; but the appellant, in said deed of conveyance, reserved to himself the right of homestead in said real estate. The appellant, Levi Creager, having in May, 1885, instituted an equitable action in the Hardin Circuit Court (the county in which said deed of trust was made and recorded), for the purpose of subjecting said land to mortgage liens, and the assignee, May, in June, 1885, having been made a party, upon his own motion, to said action, for the purpose of having said trust property subjected to the payment of the cross-appellant's debts; and the cross-appellant also, in June, 1885, having, upon his own motion, appeared in said action, and set up his claim to a homestead in said lands, and his right to the same having been denied by the appellant, Levi Creager, and the circuit court having adjudged that said cross-appellant was not entitled to a homestead in said lands, he has appealed to this court.

The cross-appellant, Thomas Creager, contends, first, that, as a portion of said land was derived by descent from his father, he is entitled to a homestead in the same, notwithstanding he created debts after said descent was cast upon him. He relies upon the case of

Jewell v. Clark's Executor, 78 Ky., 398, as supporting this contention.

Jewell, in that case, was a housekeeper with a family, residing on a piece of his father's land at the time of his father's death ; Jewell continued to live on said land as housekeeper with his family until the same was allotted to him, and he continued to live on the same after it was allotted to him.   After said allotment judgment was obtained against Jewell on a debt created in his father's life-time, and while he was thus living on said land as a homestead; execution was levied upon it, and it was sold to satisfy said execution.   Upon the foregoing facts this court held that as the debt was created prior to Jewell's acquisition of said land by descent, and as Jewell did not acquire said land by purchase, that is to say, as he did not disappoint the expectation of the creditor by expending money or property for said land, he was entitled to a homestead therein.   The case at bar does not fall within the rule of the Jewell case, for the following reasons:

The cross-appellant's indebtedness was created after he acquired said property by descent, and he at no time resided on said land as a housekeeper with a family, until after the assignee had sold, by the order of court, the whole of said land.   As, therefore, the land belonged to the cross-appellant at the time he created said indebtedness, and as he was not a housekeeper with a family residing on said land, and as the same was liable to his debts at the time they were created, the presumption is that credit was given him on the faith of said land.   So, it is readily seen, that

the reason of the Jewell case does not apply to this case. In the former case Jewell, by the acquisition of said land, invested neither money nor other thing to which the creditor had the right to look as a means of payment. But in this case, after acquiring the land, he obtained credit upon the faith of it, and to allow him a homestead simply for the reason that he acquired the land by descent, would entitle a large portion of the land-holders in this State to homesteads in the face of the fact that their indebtedness was created after descent was cast upon them, and while they were not housekeepers with families residing on the land.

The cross-appellant, Thomas Creager, also contends that the appellant, Levi Creager, having accepted his *pro rata* distribution under said deed of assignment, which deed attempted to reserve to the appellant, Thomas Creager, a homestead in said land, the appellant, Levi Creager, is estopped to deny Thomas Creager's right to a homestead. The case of Hasty's Heirs v. Berry, 8 Ky. Law Reporter, 55, is relied on as sustaining this view of the case. In that case the creditor of the assignor appeared without objection to the assignor's reserving a homestead in the land conveyed to his assignee, and received his *pro rata* distribution of the proceeds of the estate in the lands of the assignee. And the homestead was actually allotted to the assignor without objection. Upon the foregoing facts this court held that said creditor could not, after the estate was wound up, subject the assignor's homestead to the unpaid balance of his debt. It was so held upon the ground that the creditor having, without objection and with his eyes open,

claimed and received his *pro rata* under the deed of assignment, he thereby recognized its binding force for all purposes therein contained, and was estopped to thereafter impeach its provisions.

But the case at bar is not like that case. In this case, as soon as the cross-appellant, Thomas Creager, asserted his right of homestead in said land, the appellant, Levi Creager, denied, by appropriate pleadings, his right. to it, and the circuit court decided the issue against Thomas Creager. The issue thus made was before Levi Creager had asserted any right under the deed of assignment, and his right to put in issue Thomas Creager's right to a homestead was not denied in the circuit court. The issue was in that court fairly presented and decided against Thomas Creager. And it seems to us that Levi Creager, before he accepted any of the benefits of the assignment, had the right to join issue with the assignor, in order to test his legal right to the attempted reservation of a homestead.

The appellant, Levi Creager, attempted to hold the assignee, May, responsible for the value of the crops of hay, wheat and clover, which were growing on the land at the time the deed of assignment was made. It satisfactorily appears that May accepted the trust with the understanding and agreement with Thomas Creager that said crops were to be excepted from the assignment; and that Thomas Creager held and disposed of said crops with that understanding and agreement.

The appellee, May, also furnishes a sufficient excuse for not taking charge of the corn and lumber.

The deed of assignment was made about the middle

of April, 1885, and the appellee, May, on the second day of June, 1885, commenced proceedings for the purpose of selling said lands and making distribution. These proceedings were pushed to completion as rapidly as possible. The land was sold in August next following the date of the assignment. In view of the foregoing facts, it seems that the assignee was not culpable in not renting out the land.

The judgment is affirmed on original and cross-appeal.