ROBINSON W. CATOR, WILLIAM J. H. WATERS, WIL-
LIAM H. PAGON, J. McK. WHITE, JOSEPH H. CA-
TOR, F. P. CATOR AND GEORGE CATOR, CO-PART-
NERS AS ARMSTRONG, CATOR & CO., PLAINTIFFS IN
ERROR, VS. A. C. BLOUNT, JR., AS GARNISHEE, DE-
FENDANT IN ERROR

1. A creditor by filing with an assignee for creditors his debt
   against the assignor, and accepting from such assignee a *pro
   rata* dividend upon such debt, in accordance with the terms of a
   general assignment for creditors made under the statutes of this
   State, does not thereby affect his right to subject to his debt
   personal property reserved by the assignor from his assign-
   ment as exempt, but which in law is not exempt from such cred-
   itor's debts, because the debt was contracted for the purchase
   money of the property.

2. Under Section 1, Article X Constitution of 1885, "no property
   shall be exempt from sale * * * for the payment of obliga-
   tions contracted for the purchase of said property," and a debtor
   cannot by selecting certain personal property as a part of his ex-
   emption, and excepting same from the operation of a general
   assignment made by him clothe such property with an ex-
   emption from sale for the payment of obligations contracted
   for the purchase thereof.

Writ of error to the Circuit Court for Escambia
county.

The facts in the case are stated in the opinion of the
court.

Motion to dismiss writ of error.

*Blount & Blount* for the motion.

*S. R. Mallory and Maxwell & Maxwell, contra.*

CARTER, J.:

John E. Muller began merchandising in the city of Pensacola in March, 1893. On the 10th day of that month he purchased from plaintiffs in error various items of merchandise on credit. In the early part of October, 1893, he executed a general assignment for the benefit of creditors, excepting therefrom and reserving as his exemption $1,000 worth of personal property, of which about $600 consisted in articles purchased from plaintiffs in error on March 10, 1893. This exempt property never went into the hands of the assignee but was by Muller turned over to defendant in error, for what purpose is immaterial to the only question presented in this court. On October 6, 1893, plaintiffs in error sued Muller in the Circuit Court of Escambia county to recover the purchase price of the goods sold him on March 10, 1893, and a writ of garnishment was issued to defendant in error. Judgment was recovered in the principal suit, and the issues involved in the garnishment were submitted to a jury who found for the garnishee, in whose favor judgment was entered, from which this writ of error was taken.

Upon the trial of the garnishment the court instructed the jury, "If you find from the evidence that the goods in the hands of the garnishee had been included in his exemptions by the defendant, Muller, duly and legally set apart, in making a general assignment, then they are exempt from garnishment whether the debt now sued for was for the purchase price thereof or not, and you will find for the garnishee." The only error assigned for consideration by this court is the giving of this instruction.

After the case was submitted on brief in this court

by plaintiffs in error, the defendant in error moved to dismiss upon the ground that since the rendition of judgment from which the writ of error was sued out, the plaintiffs in error had filed with Muller's assignee a sworn statement of their account, and received from the assignee their *pro rata* share of the proceeds of the assigned property. As the motion seemed to involve a consideration of the merits, we continued it, to be taken up when the case should be reached on regular call of the docket.

I. In support of the motion to dismiss, defendant in error argues that by filing their claim with, and accepting a dividend from, Muller's assignee, plaintiffs in error thereby accepted a benefit from, and ratified and confirmed every clause in, the assignment; that they will not be permitted to accept a benefit from the assignment and at the same time repudiate a reservation to Muller secured by the same instrument. In support of this contention we are referred to authorities which hold that creditors who file claims or accept dividends under a voluntary assignment thereby elect to accept its provisions and will be held to acquiesce in its validity, and in the disposition of the proceeds arising under it, according to its terms; that a creditor will not be permitted to accept a benefit from, and at the same time repudiate any provision in, a voluntary assignment. But these authorities do not cover the question here involved. The contest here is not over property included in, but over property expressly excluded from, the terms of the instrument under which a dividend was paid to plaintiffs in error. This contest began before plaintiffs in error accepted any benefit from the assignment. The assignment did not purport to convey the property now sought to be subjected by the garnishment. Under our

statute regulating voluntary· assignments, Muller was required to assign all of his property, real, personal and mixed, except such as was by law exempt. It provided no method by which any exemption might be set apart to him out of property assigned. It simply authorized him to *except* from his conveyance so much of his property as was by law exempt, but it did not constitute him sole judge as to what was exempt. His right to hold exempt property from his creditors springs from, and is regulated by, the law, and not by his contract with the assignee. As to his personal exemption the law does not require him to omit it from his assignment; it authorizes him to do so if he chooses. If he conveys it to the assignee for the purpose of distribution among creditors, his right to hold it as exempt ceases, because by his conveyance he has waived that right. If he chooses to convey that which is exempt, and to reserve that which is not exempt, it is his own fault; he has made his election and must stand by it. The statute permits the assignor to leave out of his assignment, to except from its granting clause, that property only which as a matter of law is exempt, and there is nothing in the statute, nothing in the nature of an assignment, nothing in the act of a creditor who accepts a dividend from the assignee, which precludes the creditor from enforcing his demand at law against any property retained by the assignor which in fact is not exempt from the debt, although claimed by the assignor so to be. Creager v. Creager, 87 Ky. 449, 9 S. W. Rep. 380. The assignment does not convey any property to the assignor as exempt. It gives him no new title to any property reserved from its operation. The constitution, and not the assignment, determines whether property reserved from the assignment is exempt or not. The property

reserved in this case was exempt from every debt due by the assignor except those specifically mentioned in the constitution. The property reserved by the assignor is none the less his exemption because it may be subject to forced sale for a particular debt. If the debtor reserves property which the constitution does not relieve from liability for the debt of plaintiffs in error, they can not be debarred from subjecting it to their debt by the acceptance of a dividend from a general assignment which excepts from its operation this specific property. The creditors in this case make no attack upon the assignment from which they have accepted a benefit. They concede that the assignment is valid; that the property claimed to be exempt was properly reserved from the assignment, and that it is exempt from every debt not excepted by the constitution. There is, therefore, no inconsistency in their acts; no election to accept, as applicable to their debt, their *pro rata* share of the assigned property only; no waiver of their right to subject other property owned by the debtor to their demand; no estoppel to deny that the reserved property is exempt from their debt for purchase money.

II. From what has been said, it is apparent that the instruction given by the court above quoted was erroneous. The constitution expressly provides that "no property shall be exempt from sale  *  *  *  for the payment of obligations contracted for the purchase of said property." If the debt due plaintiffs in error was an obligation contracted for the purchase of property in the hands of the garnishee, the property was not exempt from a garnishment issued in aid of the collection of that debt, unless the creditors had waived their right to subject it. If the creditors by accepting a dividend under the assignment did not waive their right to proceed

against the property reserved as exempt, it certainly will not be pretended that their rights are taken away by an act of the debtor alone—that of reserving from his assignment property claimed by him to be, but which in fact is not, exempt from sale to pay the creditor's debt. The debtor can not by selecting this property as a part of his exemption and excepting same from the operation of his general assignment, clothe it with an exemption from sale for its purchase money, when by the constitution no property is exempt from sale for that class of debts.

The motion to dismiss is denied; the judgment of court below is reversed, and a new trial granted.