## Robinson, et al. v. Robinson.

(Decided March 7, 1911.)

### Appeal from Boone Circuit Court.

Inheritance—Investment of Proceeds—Reasonable Time.—The head of a family who inherits a share in an indivisible tract of land has a reasonable time to procure a sale of the land, and the investment of the proceeds of his share in a homestead, and a year or eighteen months is not an unreasonable time for this purpose where he is a convict in the penitentiary.

J. G. TOMLIN, JNO. L. VEST and D. E. CASTLEMAN for appellant.

O. M. ROGERS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

Elizabeth Glackin died in Boone county the owner in fee of a tract of 56 acres of land. Afterwards her husband, John H. Glackin, died in the year 1907. She left two children surviving her, and this suit was brought for the sale of the land and the division of the proceeds between them, after the father's death. A. P. Glackin, one of the children, had executed a note to his father for $690. The administrator of his father's estate sought to subject to the debt, A. P. Glackin's interest in the land which was worth less than $1,000. A. P. Glackin set up that he was a housekeeper with a family, consisting of his wife and four children, and claimed the land as a homestead. The court adjudged him the homestead, and the plaintiff appeals.

The facts are these: A. P. Glackin had not moved upon the land. His family was living upon a piece of land owned by his wife. He was in the penitentiary, and had been there for some years. The land was indivisible, and had to be sold for the division of the proceeds between the parties entitled thereto. He did not set up his claim to a homestead until he filed his answer in this suit, brought about a year after his father's death. He filed his answer six months after the suit was instituted. We have held in a long line of opinions that a bona fide housekeeper with a family who acquires an interest in land by descent, is entitled within a reasonable time after the death of his ancestor, to have his share set apart

to him and to occupy it as a homestead, when it is devisible, or to obtain a sale if it is indivisible, and re-invest the proceeds in a homestead. (Jewell v. Clark, 78 Ky., 398; Spratt v. Allen, 106 Ky., 274; Roark v. Bach, 116 Ky., 460, and cases cited.) The father was entitled to the land as tenant by the curtesy, and A. P. Glackin was not entitled to the possession of it until his father's death. When his father died he was in the penitentiary, and when the suit was brought for the sale of the land, he set up his right to the homestead. In view of his unfortunate condition, and the situation of his family, we do not see that there has been any such unreasonable delay as should deny him his right to a homestead. (Roberts v Adams, 29 R., 848.)

Judgment affirmed.