# Cooper v. Cooper et al.

(Decided October 1, 1929.)

HENRY WATSON for appellant.

E. P. HARRIS and JOHN F. COLDIRON for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

The question presented here is whether appellant was entitled to hold the tract of land in controversy exempt from execution as a homestead. The facts are these: Appellant's father died on April 23, 1920, a resident of Magoffin county, the owner of a boundary of land in that county and leaving the appellant and his six brothers and sisters as his sole heirs at law. The land was divided between the seven children in September, 1921, and the tract in controversy was set apart and conveyed to appellant. In the year 1923, appellant filed a voluntary petition in bankruptcy in the United States District Court for the Eastern District of Kentucky and was duly adjudged a bankrupt on September 23, 1926. In that court, on June 8, 1923, the court adjudged the land

above referred to to be exempt as a homestead to appellant. This judgment has never been set aside or modified. Appellant did not obtain a discharge from his debts in that case, and on March 3, 1924, appellee recovered a judgment against him on a note. On May 29, 1926, execution was issued on the judgment and levied on the land. The land was sold for $410. The tract consists of about 40 acres of hillside land; about one-half of it is cleared; the balance is in timber. The tract is not worth more than $500. There is no house on it. Appellant has no money or property other than this land for his family's support; he has so far been unable to build a dwelling house on the land so that he could live in it with his family, but it has always been his intention to live on the land and make it his home. But he has in fact never carried out this intention for lack of means. The circuit court, on these facts, held the land not exempt as a homestead. This is the only question to be determined on the appeal.

In a long line of cases this court has consistently held that the homestead statute does not embrace a case where the debtor neither has his home upon the premises nor at the time of the levy and sale had treated the property as his place of residence or by any consistent acts or otherwise had manifested an intention to actually use the property as a home for himself and family, and that the mere intention of a debtor, never attempted to be consummated in any way, is insufficient. Brown v. Martin, 4 Bush, 50; Fant v. Talbot, 81 Ky. 23; Hansford v. Holdam, 14 Bush, 210; Levy v. Rubarts, 34 S. W. 1078, 17 Ky. Law Rep. 1370.

Where land is inherited, the debtor is allowed a reasonable time to convert the property into a homestead, or where the land is indivisible and sold for division, to use the proceeds in buying him a homestead, but he must act within a reasonable time or else the property is not exempt. Spratt v. Allen, 106 Ky. 274, 50 S. W. 270, 20 Ky. Law Rep. 1822; Robinson v. Robinson, 142 Ky. 589, 134 S. W. 1130; Staun & Co. v. Proctor, 152 Ky. 142, 153 S. W. 196; Roberts v. Adams, 96 S. W. 554, 29 Ky. Law Rep. 848. As the land was inherited more than six years before it was levied on under execution and had been actually divided between the heirs five years before and in all this time the appellant had taken no steps to make it a homestead, it cannot be doubted that the reasonable

time allowed for this purpose had expired when the land was levied on and sold. Covington, etc., v. Byrns, 230 Ky. 66, 18 S. W. (2d) 870. Appellant relies upon Jewell v. Clark's Ex'r, 78 Ky. 398; Pendergrest v. Heekin, 94 Ky. 384, 22 S. W. 605, 15 Ky. Law Rep. 180; and Roark v. Bach, 116 Ky. 457, 76 S. W. 340, 25 Ky. Law Rep. 699. But in all these cases the execution defendant had in fact made the land his home before the execution was levied. If the debtor builds on inherited land and makes it his home, though the land is exempt as a homestead as against prior debts, the improvements may be subjected. Dwelly v. Galbraith, 5 Ky. Law Rep. 209.

Appellant earnestly insists that the judgment of the bankruptcy court adjudging the land exempt to him as a homestead is conclusive in his favor, but it must be remembered that he had a reasonable time to move to this land and make it his home. The judgment of the bankruptcy court that this reasonable time had not expired when he filed his petition in bankruptcy is not an adjudication that it had not expired three years afterwards when levied on under the execution. The judgment of the circuit court is in no manner inconsistent with the judgment of the court in bankruptcy, for they rest upon different facts. It is unnecessary therefore to determine to what extent the judgment of the federal court would otherwise be available for the appellant here.

Judgment affirmed.