JUDGE HA.RDIN
delivered the opinion op the court:
The appellees having recovered a judgment against Joshua R. Brown, Walter N. Brown, and Samuel L. Lee, who composed the firm of Brown, Brother & Co., for the sum of two thousand six hundred and fifty-four dollars and eighty-five cents, an execution issued thereon, was levied on an undivided interest of said Lee in a house and lot on Green street, in the city of Louisville, which interest, after advertisement and valuation, was sold by the sheriff, and purchased by the plaintiffs in the execution for three hundred dollars.
Afterwards, the appellants moved the court to set aside the sale on the ground that said interest in the property was exempt from sale under the act of February 10th, *49 1866, “to exempt homesteads from sale for debt” {Myers' Supplement, 714); and the court having heard and overruled the motion, the appellants seek a reversal of that judgment in this court.
The interest of S. L. Lee in the property which was sold was not more than an undivided fourth, if so much, and that under the will of Silas Lee, deceased, was vested in S. L. Lee in remainder, subject to a particular estate in the testator’s widow. And although S. L. Lee was an “ actual bona fide housekeeper, with a family,” as required by the sixth section of the homestead act, he does not appear to have occupied the property, or intended to make it his actual place of residence; but, on the contrary, he lived and kept house in a different part of the city, and had done so for years before. It does appear, however, that he did not own the property occupied by him, or any other real estate, except that which is in controversy in this case.
The first section of the homestead act provides : “ That, in addition to the personal property now exempt from execution on all debts or liabilities created or incurred after the first day of June, one thousand eight hundred and sixty-six, there shall be exempt from sale under execution, attachment, or judgment of any court, except to foreclose a mortgage given by the owner of the homestead, or for purchase money due therefor, so much land, including the dwelling-house and appurtenances owned by the debtor, as shall not exceed in value one thousand dollars.”
In the succeeding sections of the act the manner of valuation and sale is prescribed: and where the value of the real estate levied on exceeds the debt, the defendant is allowed to select the part to be set apart as his *50 homestead; and the fourth section provides, that in certain cases, where the property is not susceptible of a division without great diminution of its value, and its entire value exceeds one thousand dollars, it shall be sold, “and one thousand dollars of the money arising from the sale shall be paid to the defendant to enable him to purchase another homestead.”
Whether the provisions of the statute for the benefit of the debtor and his family are sufficiently broad and comprehensive to include and establish a homestead right in real property, in which the head of the family is the owner of an undivided share ás a tenant in common with others, need not be decided in this case; nor is it necessary to decide whether a habitable tenement on the premises is, in all cases, requisite to the existence of a homestead right; for, in another aspect of the case, a question is presented as to the construction of the statute, the solution of which will determine the correctness of the judgment in this case.
Does the exemption provided by the statute extend to and embrace a case like this, where the debtor neither had his home upon the premises, nor, at the time of the levy and sale, had treated the property as his place of residence, or by any consistent acts, or otherwise, had manifested an intention to actually use the property as a home for himself and family? We think not.
According to our interpretation of the statute, the right of exemption depends upon the present and actual purpose and intention of the debtor to use and enjoy the property sought to be exempted as a home for himself and family, and that the right does not exist where the residence of the debtor and his family is permanently located elsewhere.
*51 This conclusion is fortified by the adjudications of the courts of other States in the construction of homestead laws, to which we have been’referred.
It seems to us, therefore, that, the court rightly overruled the motion to set aside the sale.
Wherefore, the judgment is affirmed.