Mason v. Columbia Finance & Trust Co.

CASE 20—PETITION EQUITY—APRIL 3.

| 99 | 117 |
|---|---|
| d101 | 47 |
| 101 | 48 |

| 99 | 117 |
|---|---|
| 123 | 842 |

# Mason v. Columbia Finance & Trust Co.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

1. HOMESTEAD—ADJOINING LANDS.—The general doctrine is that before one has a right to a homestead in land, he must have actually lived on it; but where the husband and wife own adjoining tracts of land, and it is all used and cultivated as one farm, the husband will be entitled to a homestead out of the part of the land owned by him, although the house which they occupied was actually on that part of the farm owned by the wife. (Distinguishing Vanmeter v. Vanmeter, 12 Ky. Law Rep., 214.)

C. C. TURNER FOR APPELLANT.

1. A debtor husband is entitled to a homestead in land owned by him, which is contiguous to and used as a farm in connection with an adjoining tract of land owned by his wife, although the house which they occupied was on the wife's land. (Lowell v. Shannon, 60 Ia., 713.)

A. T. WOOD ON SAME-SIDE.

1. The whole tract of land, both that owned by himself and that owned by his wife, was occupied in legal contemplation by Mason; and because the house which he occupied happened to stand on that part of the land owned by the wife is no reason why the husband should be deprived of a homestead in the adjoining lands owned by him. It is not indispensable to the use and enjoyment of a homestead right, that there shall be a dwelling house on the exempt property. (Bennett v. Baird, 5 Ky. Law Rep., 636; Derrickson v. Gillespie, 32 S. W. Rep., 1084.)

H. M. WOODFORD ON SAME SIDE.

(No brief in the record.)

STONE & SUDDUTH FOR APPELLEES.

1. Detached tracts of land, although used and cultivated as a part of
   the home farm, comprise no part of the statutory homestead.
   (Thompson on Homesteads and Exemptions, sec. 145; Vanmeter
   v. Vanmeter, 12 Ky. Law Rep., 214.)

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

The sole question to be determined on this appeal is
whether or not the appellant, John Mason, is entitled to a
homestead in certain real estate conveyed by him to A. A.
Hazlerigg for the benefit of creditors.

The appellant, Mason, and his wife owned jointly a tract
of 312 acres of land. The wife owned a part of the tract
laid off and designated by metes and bounds in her own
right, and the land owned by the husband adjoined the land
of the wife, the entire body of land owned by husband and
wife containing 312 acres, and used and cultivated as one
farm. The house in which they lived was on 25 acres of the
land to which the wife had the fee, and the husband's land
bordering upon it. The insolvency of the husband caused
an assignment for creditors, and in the distribution of assets,
his land having been sold, he was denied the right of home-
stead, or its value, and has appealed.

The case of Vanmeter v. Vanmeter's assignee is relied on
as sustaining the judgment below. In that case the husband
assigned, having a right of courtesy in a tract of land of
his wife, upon which he lived, worth more than $1,000, and
this court held he was not entitled to a homestead in both
tracts. The land on which he lived or his life estate in it
being worth $1,000, and living upon it, he must take that
and not his homestead in the tract to which he had the fee.
It is insisted that to enable the appellant to assert his right
he must have actually lived on the land to which he had the

fee, and this is the general doctrine on the subject, and often controls the decision of such questions. In this case the appellant, in contemplation of the statute looking to both the letter and spirit of its provisions, was living on the land to which this right is asserted. It was all one tract, so regarded by the parties, used, cultivated and claimed as one tract, and because the house is outside of the boundary of the land to which the husband had the fee it is insisted no right of homestead exists.

The interpretation given the statute by this court is, "that it depends (this right) upon the present and actual purpose and intention of the debtor to use and enjoy the property sought to be exempted as a home for himself and family, and that the right does not exist where the debtor and his family are permanently located elsewhere."

We think that looking to the purposes contemplated by the statute, that of securing to the debtor this exemption for himself and family, it can not well be maintained that this residence on the one tract of land must be regarded as a permanent location, claimed for no other reason than that the home happened to be located on the land owned in fee by the wife.

In the case of Lowell v. Shannon, 60 Iowa, 713, it was held that where the husband and wife own contiguous tracts of land, and occupy the two tracts as a homestead, with the dwelling on the land of the wife, the wife was entitled to a homestead in the adjoining land of the husband. That the husband occupied this land sold for creditors as a homestead is, we think, unquestionable.

Judgment reversed, with directions to award the homestead in money, as the land has been sold, and direct its payment to the appellant.

Judge Hazelrigg not sitting.