CASE 7—PETITION EQUITY—MARCH 11.

## Buckler v. Brown, &c.

### APPEAL FROM ROBERTSON CIRCUIT COURT.

1. HOMESTEAD.—Though the deceased husband and father, during his lifetime, actually resided with his family upon a tract of land belonging to his wife and adjoining the tract owned by him, the two being cultivated and used together, his own tract was in contemplation of law and for all purposes of the statutes, his homestead, and his widow and unmarried infant children were entitled to a homestead in the tract owned by him. And the value of the tract of land owned by the widow can not be estimated in determining what quantity of land left by the husband shall be set apart as homestead; they being entitled under the statutes to such quantity of land of the deceased husband and father as was of the value of one thousand dollars, without reference to the tract owned by the widow in her own right. (Mason v. Columbia Finance & Trust Company, 99 Ky., 117.)

WINFIELD BUCKLER FOR APPELLANT.

1. The value of the wife's tract adjoining that of the deceased husband should have been considered in laying off homestead out of his land, as she was entitled to homestead carved in part out of her own land and in part out of his. Mills v. Hall, 12 Bush, 105; Lowell v. Shannon. 60 Iowa, 713.

Buckler v. Brown, &c.

J. J. OSBORNE FOR APPELLEES.

1. The widow and children of the deceased were entitled to home-
   stead in his land without taking into account the value of the
   wife's adjacent house and lot; and if the widow is not entitled
   to have the full one thousand dollar homestead, allotted to her
   out of the lands of the husband, the infant children who live with
   her are entitled to it until the youngest arrives at the age of
   twenty-one. Salsberry v. Simms' Adm'rx, 79 Ky., 528.

CHIEF-JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT:

James Brown having died the owner and in possession of
a tract of land containing about 27 acres, an action was in-
stituted by appellant, a creditor, to settle his estate, which
was insolvent, and for sale of the land to pay debts against it;
and this is an appeal from so much of the judgment rendered
as directs an allotment of a homestead in the land not ex-
ceeding in value $1,000 to appellees, the widow and infant
children.

It appears that Mary J. Brown, the widow, owned a parcel
of land, containing about 1 acre, adjoining the tract of her
husband, and upon that was the dwelling house of the family
at the time and for many years prior to his death.

In the case of Mason v. Columbia Finance & Trust Co.,
99 Ky., 117, the husband and wife owned two ad-
joining tracts of land, the family residence being upon that
belonging to her, and the husband having made an assign-
ment to creditors, an action was brought to sell his tract,
which was done. There arose the question whether he,
though residing with his family upon the tract owned by
his wife, was still entitled to a homestead in his own, and
in deciding that question this language was used: "The ap-
pellant, in contemplation of the statute looking to both the

letter and spirit of its provisions, was living on the land to which the right was asserted; it was all one tract, so regarded by the parties, used, cultivated and claimed as one tract."

Although that case was unlike this in that there a claim was asserted by the husband to homestead in his own land, while here the claim is by the wife to homestead, not in her own, but in his; still the essential and decisive legal proposition was determined that though the husband actually resided with his family upon a tract belonging to his wife, his own adjoining tract, when the two are cultivated and used together, is, in contemplation and for all purposes of the statute, his homestead, and being so the statute in terms requires it set apart for the use of the widow and unmarried infant children, notwithstanding, as has been heretofore held by this court, she may herself own another tract of land.

In the case of Lowell v. Shannon, 60 Iowa, 713, it was held that where the husband and wife own contiguous tracts of land, and occupy the two tracts as a homestead, with the dwelling on the land of the wife, she was entitled to a homestead in the adjoining land of the husband.

The circumstances of that case, which was cited with approval in Mason v. Columbia Finance & Trust Co., are precisely those of this case, and we think the conclusion there reached accords with the purposes and reasons of our own statute.

Judgment affirmed.

The court delivered the following response to a petition for rehearing March 27, 1897:

According to no decision ever rendered by this court can

the value of a widow's own distinct tract or parcel of land be estimated in determining the quantity of land left by her deceased husband shall be set apart to her as a homestead. Appellee in this case is entitled to such quantity of land of her deceased husband as is of the value of $1,000, without reference to the tract she owned as of her own right.

Petition for rehearing overruled.