Case 114.—ACTION BY GREEN & SONS AGAINST A. PEN-
NINGTON TO SUBJECT PROPERTY CLAIMED AS A
HOMESTEAD TO THE PAYMENT OF THEIR DEBT.—
Dec. 4.

## Green & Sons v. Pennington.

Appeal from Rockcastle Circuit Court.

M. L. JARVIS, Circuit Judge.

Judgment for defendant. Plaintiff appeals. Affirmed.

1. Homesteads—Appurtenances—Storehouse Adjacent to Dwelling—Exemption—Under the homestead law of this State, sec. 1702, Ky. Stats., exempting to "a bona fide housekeeper so much land, including dwelling house and appurtenances, as shall not exceed in value $1,000" from sale for the debts of the owner, where the owner sold his homestead for $1,000, and invested it in a lot upon which there was a dwelling and a small storehouse adjacent thereto, the value of both not exceeding $1,000, the storehouse may be considered as an appurtenance to the dwelling within the meaning of the statute, and is exempt although it may be rented out by the owner.

C. C. WILLIAMS for appellant.

1. Is any part of the dwelling house and lot, excluding the store house and lot on which it stands, subject to appellants debt?

2. Property must be actually occupied as a residence.

3. The homestead does not include a storehouse.·

4. The policy and spirit of the Homestead law is to secure a home, but not of a certain monetary value.

### AUTHORITIES CITED.

Thompson on Homesteads and Exemptions, secs. 100, 102, 104, 106,- 110, 132, 133 and 233; Waples on Homestead and Ex-

emption, 3, 5, 26, 137, 175, 179, 184, 235, 237, 275, 558 and 573; Boubier's Law dictionary, 956, 957; 15 Am. & Eng. Ency. of Law (2d Ed.), 89, 90, 91, 525, 577, 582 and 584; Boone on Real Property (2d Ed.), sec. 80; 22 Kansas, 404; Eby, etc. v. Lovelace, 4 Ky. L. Rep., 449; Freeman on Executions, sec. 244; Brown Bros. & Co. v. Martin & Co., 4 Bush, 50; Hansford v. Holdam, 14 Bush, 212; 27 Illinois, 393; Garrison, etc. v. Penn Bros., 23 Ky L. Rep., 1775; 41 Alabama, 302; 95 Alabama, 96; 107 Alabama, 465; 114 Alabama, 341; 54 American State Reports, 110; 31 American State Reports, 606; 7 American State Reports, 180; 7 Biss, (U. S.), 269; 13 Iowa, 371; 83 Iowa, 63; 81 American Decisions, 435; 27 American Decisions, 197; 11 Michigan, 527; 92 Michigan, 427; 62 California, 286; 75 California, 422; 33 California, 220; 2d Ballard Real Property, 293; 55 Arkansas, 126; 36 New Hampshire, 158.

JOHN W. BROWN and J. W. ALCORN for appellee.

POINTS AND AUTHORITIES.

1. If exempt homestead is exchanged for another homestead that other homestead is likewise exempt. (Thompson v. Heffner, 11 Bush, 101).

2. If proceeds of sale of exempt homestead are re-invested in another homestead that other homestead is exempt. (Lear v. Totten, 14 Bush, 101).

3. The primary object of the homestead exemption Statute is to exempt land, not exceeding $1,000 in value. All buildings on the exempt land are exempt because they are a part of the land. The dwelling house is a mere incident and only locates the place of the exempt land. (Kentucky Statute, sec. 1702; The word land defined, Ky. Statutes, sec. 458; 2 Blackstone, pp. 16-17, 3 Kent, 401).

4. No construction unfavorable to the debtor should be made exempt to protect creditors and purchasers from fraud. (Bennett v. Baird, 81 Ky., 554; Ross v. Sweeney, 12 R., 861; Slaughter v. Karn, 15 R., 429; Hansford v. Holdam, 14 Bush, 210 Herring v. Johnson, 24 R., 1940; Meadors v. Meadors, 83 Ky., 117; Mason v. Columbia Co., 99 Ky., 117; Travis v. Lucas, 14 Bush, 395; Garrison v. Penn, 23 R., 1775).

Opinion by Judge Barker—Affirming.

The appellee, A. Pennington, owned a small farm in Rockcastle county, Ky., which he used and occupied as a homestead. This he sold, realizing about

$700, with which he purchased a lot in Mount Vernon, Ky., and erected thereon a small storehouse which he at first used as a dwelling, but having built on the same lot a dwelling house, used the first structure as a storehouse in which he carried on a small retail merchandising establishment. Failing as a merchant, he rented out the storehouse to others, who used it in merchandising. The appellants, who are his creditors, sought to subject the property of appellee to the payment of their debt, claiming, first, that the whole was subject, but if this be not maintainable, then so much of the property as is occupied by the storehouse is subject, as not being a part of the homestead. The property, as a whole, it is conceded, is not worth over $1,000. The appellee's family consists of a wife and 11 children. The chancellor adjudged him a homestead interest in the whole property, and of this the appellants complain.

As appellee owned a homestead exemption as against the claim of the appellants in the farm, he had a right to sell it and reinvest the proceeds in the lot in Mount Vernon; and this change worked no injury to appellants, as the new homestead, although acquired subsequent to the creation of their debt, was purchased with funds which they could not apply to the payment of their claim. Thompson v. Heffner's Ex'rs, 11 Bush, 354; Lear v. Totten, 14 Bush, 101. The remaining question is whether the storehouse is subject to the payment of appellant's debt. As said before, it is undisputed that the whole property is worth less than $1,000. Appellee with his family resides upon it. The storehouse (a most insignificant affair) is situated in the same yard with the dwelling house, and has always been used by the appellee in connection with his homestead, except as above indicated. Section 1702, Ky. St. 1903, is as follows: "In addition to the personal property exempted by this ar-

ticle, there shall, on all debts or liabilities created or incurred after the first day of June, one thousand eight hundred and sixty-six, be exempt from sale under execution, attachment or judgment, except to foreclose a mortgage given by the owner of the homestead, or for purchase money due therefor, so much land, including the dwelling house and appurtenances owned by debtors, who are actual bona fide housekeepers with a family, resident in this Commonwealth, as shall not exceed in value one thousand dollars; but this exemption shall not apply to sales under execution, attachment or judgment, if the debt or liability existed prior to the purchase of the land, or of the erection of the improvements thereon.'' It will be observed that, by the foregoing statute, there is exempted to a *bona fide* housekeeper with a family, resident in this Commonwealth, so much land, including the dwelling house and appurtenances, as shall not exceed $1,000 in value. Clearly, this little storehouse may be considered an appurtenance within the meaning of the statute. The debtor resides with his family upon the lot, and obtains a small rental from the storehouse, but the fact that he rents it out does not separate it from his homestead in contemplation of law. The object of the statute is to give the debtor $1,000 worth of land to be used as a homestead, and out of this he is entitled to make what profit he can, so long as the making of that profit is connected with the homestead.

If the debtor invests in a farm, he is not obliged to use the homestead as a mere place in which to exist, but has the right to make the greatest profit possible out of his property each year for the maintenance of his family. If a vein of coal is discovered on a debtor's homestead, he certainly can work it, and sell the coal for whatever profit it will bring, and if his homestead remains within the maximum value of $1,000,

who can complain? If the farmer lets his homestead
out to tenants for a money rental, he does not thereby
lose his homestead exemption, provided he still re-
mains upon the property as a homestead. If appellee
were a doctor or lawyer, and used the storehouse in
question as an office, he would not lose his homestead
simply by reason of this use; and if all this be sound,
why should appellee lose his homestead exemption in
this storehouse property merely because he rents it to
another, and thus acquires money with which to sup-
port his family. Is the man in the city to make a
less comprehensive use of his homestead than the man
in the country? May not the merchant make the same
use of his homestead exemption that a farmer or law-
yer or doctor can? Certainly there is no sound reason
for so invidious a distinction. The beneficent object
of the statute in giving the debtor a homestead ex-
emption is to enable him to make the most of it to-
wards the support of his family that is possible, al-
ways subject to the limitation, that if the use to which
he puts it increases its value beyond the sum of $1,000,
the overplus at once becomes subject to the claims of
his creditors. In the case of Bennett v. Baird, 81 Ky.
554, 5 Ky. Law Rep., 636; the debtor was a farmer
who had a tract of land, 156 acres, which was worth
about $400; he owned an adjoining tract of 144 acres,
upon which his dwelling house and appurtenances
were situated. The latter tract he sold to pay off a
mortgage debt, but continued to occupy the dwelling
house as the tenant of his vendee. The court held that
the adjoining tract was exempt from his creditors'
debts, because he used it in connection with, and as a
part of, his homestead, and, in reaching this conclu-
sion, it was said: "No construction of the homestead
law not necessary for the protection of creditors and
purchasers against fraud, should be adopted which
tends to defeat the object of its enactment. Certainly

it should not be so construed as to operate most harshly upon those most in need of its benefits.''

Upon examination of the authorities bearing upon the question in hand, we find that with, perhaps, one exception, to be hereafter noticed, they are in harmony with the humane principle above quoted, their uniform tenor being to construe the statute with sufficient benignity to effectuate the purpose of the Legislature to secure the debtor a homestead with which to shelter and support his family. In Weber v. Gardner, 80 S. W. 481, 26 Ky. Law Rep. 44, we held that the erection of a small building upon the homestead of the owner by a tenant, to be used for manufacturing purposes, did not destroy the homestead exemption of the owner. In Hansford v. Holdam, 14 Bush, 210, it was said that a temporary removal from the premises, with the intention of returning, did not forfeit the right to homestead exemption. In Herring v. Johnson, 72 S. W. 793, 24 Ky. Law Rep. 1940, the wife, although living with her husband was held to be entitled to homestead exemption, although the hubsand was the head of the family, with the duty of its support encumbered upon him. In Mason v. Columbia Finance & Trust Company, 99 Ky. 117, 18 Ky. Law Rep., 40, 35 S. W. 115, 59 Am. St. Rep. 451, it was held that where the husband and wife owned adjoining tracts, and resided on the wife's tract, the husband was entitled to homestead exemption on his own tract on which there was no dwelling. To the same effect is Buckler v. Brown, 101 Ky. 46, 19 Ky. Law Rep., 85, 39 S. W., 509, 825. In Franks v. Lucas, 14 Bush, 395, the debtor was held entitled to a homestead in lands which were divided by a public road. It may be conceded that there is general language in the opinion in Garrison v. Penn, 66 S. W. 14, 23 Ky. Law Rep., 1775, which seems to militate against the views we have herein expressed. It was

held there that, when the debtor had two dwelling houses upon the same lot, one of which he occupied, and the other he rented out, he was not entitled to a homestead exemption in the rented property, although the whole was not worth more than $1,000.  An examination of this case shows that the claim of the creditor was created in building the house in which the debtor resided, and although the form of the debt had been changed by the execution of a note which had been discounted and taken up by the creditor, in the end it was the same debt created in the purchase of the material which went into the house claimed as a homestead.  Clearly, the debtor had no right to a homestead as against this claim, and the conclusion reached in that case, denying the homestead exemption, was undoubtedly sound, and not antagonistic to our views in this case, although some of the general language used in the opinion may seem to be so.

Having reached the conclusion that, in the case before us, the debtor is entitled to a homestead exemption as against the claim of appellants, it follows that the judgment of the chancellor must be affirmed; and it is so ordered.