CASE 76.—ACTION BY BURT & BRABB LUMBER CO.
AGAINST MARY J. BATES AND OTHERS UPON
BREACH OF WARRANTY IN THE SALE OF
LAND.—December 1.

# Bates, &c. v. Burt & Brabb Lumber Co.

Appeal from Letcher Circuit Court.

M. J. Moss, Circuit Judge.

From the judgment both parties appeal—Affirmed
on cross appeal, and reversed on original appeal—
See original appeal 86 S. W., 550, 27 Ky. Law Rep.
766.

Logs and Logging—Sale of Standing Timber—Duty of Purchaser.
—A purchaser of standing timber, who has left the tops and
debris of timber felled so as to damage the land, is liable
to the owner.

R. O. BRASHEARS counsel for appellant.

POINTS RAISED.

1. Upon issues joined the facts were ascertained and deter-
mined upon trial of the former appeal prosecuted 27 Ky. Law
Rep. 767, &c.

2. The trial court had nothing to do in the case but pursue the
facts and render a judgment upon the issues in conformity to the
cited opinion.

3. Upon return of the case—Trial Judge "Errs"—disregards
facts and issues determined on trial of the appeal, without any
proof to authorize rulings; rendered judgment improperly for a
greater sum than plaintiffs were entitled to recover upon their
claim in the action and adjudged a less sum for defendants on
counter claim than was established by plea and proof.

4. The appellants having tendered payment in money for more

Bates, &c., v. Burt & Brabb Lumber Co.

than was due appellee at February term, 1904, in open court and the counsel having declined and refused to accept it in satisfaction of the demand and cause of action, the appellee is not entitled to recover any interest or cost after that time. (13 Bush, 122.)

5. No lien can be enforced against the land until after a return of no property found.

JAS. H. JEFFRIES and D. D. FIELDS for appellee.

We submit that from all the evidence the appellee is entitled to a personal judgment against appellant T. G. Bates for $249.10 with interest thereon from July 18, 1890, until paid and costs, and to secure payment of same a lien upon the land described in the petition in the case, and to have said lien enforced and the land sold to pay the judgment.

## AUTHORITIES CITED.

Bowen v. Sebree, 2 Bush 112; Lillard v. Ky. Distilleries & Warehouse Co., 67 C. C. A. 74, 134 Fed. 68; 1 Greenleaf on Evidence, sec. 292; McKelvey on Evidence, sec. 279; Newhall v. Appleton, &c., 21 N. E. (N. Y.) 105; Singer Mfg. Co. v. Raper, 132 U. 518; Robinson, &c., v. Webb, 11 Bush 464; Boyd v. Chicago & N. W. Ry. Co., 75 N. E. 496 (Del.); Hexamer v. Webb, 4 N. E. 755 (N. Y.); Uppington v. City of New York, 59 N. E. 91; Morgan v. Smith and Morgan v. Sears, 35 N. E. 111 (Mass.); Wabash St. L. & P. Co. v. Farver, 12 N. E. 296 (Ind.); Foster v. City of Chicago, 64 N. E. 322 (Ill.); 19 English Ruling Cases, 168—4 Echequer 244; Reedie v. London & N. Y. Ry. Co. and Hobbett v. Same; Central Coal & Iron Co. v. Grider's Admrs.; 115 Ky. 745; Asher Lumber Co. v. Cornett, &c., 63 S. W. 974; 23 Ky. Law Rep. 602.

OPINION OF THE COURT BY CHIEF JUSTICE O'REAR.

This is the second appeal of this case. The merits of the case, as presented by the somewhat imperfect record before us, impress us that appellee, who sues upon a breach of warranty, did not show itself entitled to recover for a greater number of trees than were admitted in appellant's answer. On the other

vol 130—20

hand, the damage done to appellants' lands unnecessarily by appellee's agents in removing the timber, and the value of the trees taken by them that were not branded, as found by the circuit court, practically offset the value of the trees lost to appellee by the failure of the title to part of the branded timber. In addition, we think appellants should be allowed for the damage done by appellee's leaving the tops and debris of the timber felled by them. The sale of standing timber includes the right to remove it in a judicious manner, but does not include the right to cut it down and leave it, or any part of it, so that it will do damage to the lands of the grantor or owner of the principal estate. On the whole, we think the accounts of the parties are about equal. Limitation on appellants' account is saved by the disability of the female appellant.

Judgment affirmed on the cross-appeal, and reversed on the original appeal, with directions to the lower court to dismiss the petition. Each party will pay their own costs in this court.