## Robinson, Norton & Company v. Burnett.

(Decided March 23, 1917.)

## Appeal from Laurel Circuit Court.

1. **Homestead—Sale and Reinvestment of Proceeds.**—Where a debtor sells his homestead and invests the proceeds in another, and this action is repeated some two or three times, a creditor, not having been entitled to the satisfaction of his claim out of the first homestead, cannot do so out of the last, as the sale of one homestead, and the purchase of another with the same proceeds, is a continuance of the first homestead.

2. **Homestead—Action for Possession—Pleading.**—In an action for the possession of property, the pleadings are sufficient where they show that defendant resided upon the property with his family at the time of the levy of the execution and the sale of the property, and that he was claiming it as a homestead under section 1702, Kentucky Statutes; it being a summary proceeding, and under section 449, Civil Code, the pleadings are not required to be in writing.

3. **Homestead—Separate Tracts or Lots.**—Where the husband and wife own adjoining tracts of land, which are used and cultivated as one farm, the husband will be entitled to a homestead in his land, although the dwelling house which they occupy actually be on the wife's land.

4. **Homestead—Sale and Reinvestment of Proceeds.**—A debtor may sell his homestead and reinvest the proceeds in another, and still retain his right to his homestead provided same is done within a reasonable time; but what constitutes a reasonable time depends upon the facts and circumstances of each case.

GEORGE A. YOUNG and H. C. CLAY for appellant.

H. J. JOHNSON and C. C. WILLIAMS for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Prior to May, 1894, H. D. Burnett & Son conducted a general merchandising business in Laurel county, Kentucky. The appellant, J. M. Robinson, Norton & Company, wholesale merchants, from which the firm bought goods, being unable to collect an account, obtained a judgment for a balance. This judgment was unsatisfied and on April 25, 1895, execution was issued and levied upon two small tracts of land in Laurel county, belonging to H. D. Burnett, and at the sheriff's sale, the appellant, J. M. Robinson, Norton & Company, became the purchaser.

Afterwards, on December 7, 1914, the appellant sought to obtain possession of the land under section 1689, Kentucky Statutes, and accordingly had notice served on H. D. Burnett that it would, on the 11th day of February, 1915, that being the fourth day of the Laurel circuit court, enter a motion on the docket of the Laurel circuit court for a judgment for the possession of said land. Upon the filing of the notice in court and entry of the motion for judgment for possession, the defendant, H. D. Burnett, filed answer in which he denied the right of the appellant to possession of the land, and alleged that he was at that time, as well as at the time of the levy and sale of the property, a *bona fide* housekeeper with a family residing upon the property sold, and that the same was exempt to him as a homestead under section 1702, Kentucky Statutes. Issue was joined, proof taken, and the case being transferred to equity, was submitted for judgment.

The lower court adjudged H. D. Burnett entitled to the land as a homestead, awarding him costs against the appellant. From this judgment J. M. Robinson, Norton & Company appeals, relying upon seven grounds set forth in its brief, substantially as follows: The answer and rejoinder do not state facts sufficient to show defendant entitled to a homestead, nor are the pleadings supported by sufficient evidence to justify such relief;

That the evidence does not show the money Burnett received for the land he owned prior to the creation of the debt, or any of it, was re-invested in the property in controversy, or that Burnett is entitled to a homestead, he having abandoned, as appellant claims, his rights thereto;

That the evidence shows defendant did not at any time reside or intend to reside upon the lands in controversy, but that he did place improvements thereon after he purchased the same, and long after the creation of the debt sued on, of as great value as the land.

Prior to the creation of the debt in 1894, H. D. Burnett owned a homestead, resided upon it with his family, and claimed it as such. This homestead was sold, and the proceeds invested in another homestead upon which he moved and resided, and this in turn was sold and re-invested in another homestead. In fact, there were several sales and re-investments, each time Burnett moving upon and taking possession of the property as a homestead. Finally, he invested a part of the proceeds derived from a sale of a homestead in the lands in controversy in this action. In the meantime, Burnett's wife

died and his children had married and left him alone. Before the purchase of the lands in dispute he married a lady owning a small tract of land adjoining this property, and moved in the house with her.

He then purchased this adjoining property with money which he had derived from the sale of his former homestead. It consisted of two small tracts. There was a small cabin on one of the tracts and a barn and other improvements on the other, and appellee rented the cabin, a part of the time, to a tenant, and used the barn in connection with the residence on his wife's property. Altogether, it was a small farm worth less than $1,000.00. He claimed these lands as homestead, although he did not actually reside thereon, but resided on the property adjoining, which belonged to his wife. He cultivated and used his lands. The debt was created and judgment obtained long before appellee purchased this property, but subsequent to the purchase of the original homestead, which through a chain of conveyances finally reached this land.

It must be conceded that if Burnett had a homestead in the original lands and the proceeds arising from the sale thereof passed through numerous investments in property occupied as homesteads without unreasonable delay, until it reached the property here involved, he may claim homestead in this, even as he could in the original.

In Lee & Hester v. Hughes, 77 S. W. 389 (not officially reported) it is said:

"It is said that the answer does not disclose that he sold the first farm with the intention of re-investing in a homestead, and the purchase of the latter must be regarded as an original purchase of a homestead, and therefore the debt of the appellant was created prior to the purchase. We think this contention demands too strict a construction of the homestead act. Before any effort was made to reach the proceeds of the sale of the lands in Henderson county, or while such proceeds were in the hands of the debtor, at which time the inquiry might be material as to the intention with which the proceeds were held, the debtor does in fact invest it in a homestead; and this, we think, was not an original obtention or purchase of a homestead, or one obtained or purchased after the creation of the debt set up in this case. We find, therefore, that under the rule announced in the case, *supra* (Cooper v. Arnett), the owner of the land in which a right to the homestead exists, who sells and re-invests the proceeds in other lands, on which he resides, has a

homestead right in the latter against debts existing at the time of its purchase. Such a purchase of land is but the continuance of the original homestead right, and is not the obtention of a new homestead.'' Green & Son v. Pennington, 123 Ky. 837; Collins v. Collins, 30 R. 816; Baker v. Kash, 113 S. W. 820; Farmers & Traders Bank v. Childers, 150 Ky. 719; Smith v. Fourth Street Bank, 174 Ky. 647.

The first contention of appellant is that the answer and rejoinder do not state facts sufficient to show the defendant entitled to a homestead. The allegations of the answer show appellee Burnett to have resided upon the property with his family at the time of the levy of the execution, and also at the time of the sale thereunder, and that he was claiming it as a homestead under section 1702, Kentucky Statutes. This answer is not aptly drawn, but is sufficient, we think, for the purpose of claiming homestead in this proceeding, under the authority of the case of Crouch, et al v. Meguire-Harris Company, 42 S. W. 92 (not officially reported), where it is said:

''It is suggested by appellee that appellant does not allege and prove in exact words that he was a *bona fide* housekeeper, with a family; but he does allege and prove that he resided upon this property 'with his wife and six children,' that he owned no other home, and that he claimed it as exempt under the exemption laws, we think the claim to the exemption is sufficiently alleged and proved.''

This is a summary proceeding and is commenced by service of notice, and the pleadings are not required to be in writing. Section 449, Civil Code, provides:

''The motion may be heard and determined upon or without written pleadings and judgment shall be given according to law and the rules of equity.''

We are, therefore, of the opinion that the pleadings are sufficient to support the judgment.

The contention of appellant that the evidence does not sufficiently show the defendant entitled to a homestead in the lands he owned prior to the creation of the debt, is untenable, because the evidence conclusively shows H. D. Burnett to have been a housekeeper with a family, residing upon these several tracts of land, one after another, claiming a homestead therein, which he was entitled to do. Nor do we think that the contention that the property in controversy was not purchased with money realized from the sale of a former homestead is

sustained by the evidence. Neither do we agree with counsel for appellant that appellee Burnett abandoned his homestead, either by failure to re-invest his money immediately after a sale or for other reasons. He was not required to immediately invest the proceeds of one homestead in another to avoid a lapse of his right, but he was entitled to a reasonable time in which to make the purchase, and what constituted a reasonable time depends upon the facts in each case. In some cases a few weeks or a month may be regarded as a reasonable time, while in others a much longer time may not be unreasonable. There is no hard and fast rule fixing the time limit, but the attending facts and circumstances may serve to vary the court's holding as to what constitutes a reasonable time. In this case an old man sold out his homestead in scraps to several different persons; his wife died, and his daughters married and left him. He was, therefore, in no immediate need of re-investing in a new home. When he remarried, the necessity for a home arose, and he purchased this property with money realized from the former homestead, and made improvements thereon, of little or no consequence, all with money saved from the original homestead. His creditors were not prejudiced in any wise by this and we are of opinion that he did not relinquish his right to homestead by his delay in re-investing in this property, for the time shown, under the facts of this case. Lee & Hester v. Hughes, 77 S. W. 389; Green & Sons v. Pennington, 123 Ky. 837; Collins v. Collins, 99 S. W. 653; Baker v. Kash, 113 S. W. 820; Smith v. Fourth Street Bank, 174 Ky. 647.

The seventh contention is that appellee Burnett did not reside upon the lands in controversy, nor intend to do so. There is a line of cases in Kentucky which hold that a husband, residing with his wife on an adjoining tract, and cultivating his tract, is in contemplation of law, residing thereon, and is entitled to a homestead in the adjoining lands owned by him, and upon which he farms. In the case of Buckler v. Brown, 101 Ky. 47, it is said:

"There arose the question whether he, though residing with his family upon the tract owned by his wife, was still entitled to a homestead in his own, and in deciding that question this language is used: 'The appellant, in contemplation of the statute, looking to both the letter and spirit of its provisions, was living on the land to which the right was asserted; it was all one tract, so

regarded by the parties, used, cultivated and claimed as one tract.' "

Mason v. Columbia Finance & Trust Co., 99 Ky. 117; Lowell v. Shannon, 60 Iowa, 713.

From this we conclude that appellee Burnett did in contemplation of law reside upon the tracts of land sold under execution, and was entitled to claim homestead therein, and the chancellor committed no error in so holding.

Judgment affirmed.