## Taylor et al. v. Shelton.

(Decided January 22, 1929.)

474

STEPHENS & STEELY for appellants.

W. B. EARLY for appellees.

Opinion of the Court by Commissioner Hobson—
Reversing.

John Taylor died on April 23, 1925. He had been twice married. By his first wife he had four children. By his second wife, Mary Taylor, who survived him, he had three children, the oldest of whom was nine years of age. They lived on a tract of land which he occupied as a farm. Thirty-one acres of this land was deeded to him and his first wife jointly. The remainder was deeded to him. This deed calls for twenty acres, but as surveyed in this case it only contained about twelve acres. The whole farm contained 45 acres by this survey and was, under the proof, worth about $1,800. This action was brought by the children of the first marriage and their vendee to sell the land for a division of the proceeds, under section 490 of the Code. Mary Taylor, who had been in possession of the land since her husband's death with her children, set up her right to a homestead and asked that this be set apart to her. The plaintiff insisted that the whole tract should be sold. Proof was taken, and on final hearing the circuit court adjudged the sale of the whole tract, refusing to set apart any part of the land to Mary Taylor and her children as a homestead. They appeal.

The proof for the appellants, by five witnesses, is that the homestead may be set apart without materially injuring the sale of the remainder of the land. On the other hand, proof for the appellees is that the whole tract cannot be divided between all of the heirs without materially impairing the shares of each. The purpose of the statute is to secure a homestead for the widow and infant children. By section 1705, Kentucky Statutes, the whole

land may be sold when "not divisible without great diminution of its value." In Duff v. Duff, 154 Ky. 377, 140 S. W. 541, the court thus laid down the rule in cases like this:

"It will be observed that the statute does not allow a sale of the property unless it is 'not divisible without great diminution of its value.' The statute which gives the homestead right was so framed for the reason that the homestead is the home of the family, and it was intended that the home should not be broken up unless necessary to prevent a great loss. The law favors the partition of land rather than its sale for a division of the proceeds, and there are peculiar reasons why this rule should be applied to the home of a widow and infant children."

This is the universal rule:

"From the very definition, nature, and purpose of a homestead, it is the policy of the homestead laws that an actual homestead in the original homesteader's land should be allotted for the use of the surviving spouse and minor children in every instance where practicable." 22 C. J. p. 1022.

It is earnestly insisted that the widow has another piece of property which she may move to, but that is wholly immaterial. She is entitled to her homestead in the land of her husband, and the infant children are entitled to the joint occupancy of it with her. In Sansberry v. Simms' Adm'x, 79 Ky. 530, the court thus stated the rule:

"The law gives to the widow the homestead for her use as long as she occupies it by herself, her tenant, or agent, without reference to kind or value of other property she may have in her own right, or the source whence she derived it; and she cannot be divested of her homestead right except by her own act. Nor should the property given to her by her husband before he died be estimated in fixing the value of her homestead exemption."

To the same effect, see Buckler v. Brown, 101 Ky. 46, 39 S. W. 509, 825.

Under the evidence, the court should have appointed commissioners to lay off the homestead of Mary Taylor and her children, allotting to her the dwelling house of the family and so much of her husband's half of the 31 acres and of the other tract held in his name as would give her in all land of the value of $1,000.

Judgment reversed and cause remanded for a judgment and further proceedings consistent herewith.