## Covington Brothers & Company v. Byrns.

(Decided June 11, 1929.)

WEBB & WEBB for appellant.

J. E. WARREN for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

Covington Bros. & Co. is a judgment creditor of A. B. Byrns. It caused an execution to be issued upon its judgment and levied upon Byrns' land. At the ensuing sale the creditor became the purchaser of the property. This action was instituted by Byrns against the execution creditor to vacate the levy of the execution and the sale of the land on the ground that it was exempt from execution. The claim of exemption was based on section 1702, Kentucky Statutes, which provides: "That there shall, be exempt from sale under execution, attachment or judgment, except to foreclose a mortgage given by the owner of a homestead, or for purchase money due therefor, so much land, including the dwelling house and appurtenances owned by debtors who are actual bona fide housekeepers with a family, resident in this commonwealth, as shall not exceed in value one thousand dollars." The circuit court granted the relief sought, resulting in this appeal by the creditor.

The facts are not in dispute and may be briefly recited. Byrns acquired the land about 12 years ago as his partible share of real estate descended from his father. It was unimproved land situated some two miles from the town where Byrns lived, and was used for grazing and farming. Byrns testified that he rented the property for crops a few times and the rest of the time for pasture. It was the only land he owned. Byrns had never lived upon the land or prepared it for a homestead, and had no present intention of doing so. The parties claimed the land was worth from $750 to $1,250, but we accept the finding of the chancellor that its value did not exceed $1,000. Byrns had been a merchant, but failed to pay his debts, and was closed out by creditors. He testified in this case that he was an insurance agent. He had lived in town for 20 years in a home owned by his wife. The value of his wife's home was not shown. It will thus be seen that the case presents a conflict between a creditor and a claimant of a homestead, two favorites of the law.

Credit is the life blood of commerce, and creditors have always been a favored class. 27 C. J., sec. 1, p. 413. The relaxation of the oppressive rules respecting debtors has been accompanied by abundant provision for the prevention of fraud upon creditors, or the obstruction of their remedies, by the transfer, concealment, or secret incumbrance of property. Kentucky Statutes, secs. 496, 1906, 1907, 1907a, 1910, Sec. 2358; Civil Code of Practice, Secs. 194, 250, 439. The homestead exemption is also a favorite of the law (Marcum v. Edwards, 181 Ky. 687, 205 S. W. 798), and the right to hold such property free of the claims of creditors is liberally enforced. 29 C. J. Sec. 15, p. 787. Indeed, judicial eloquence has been finely exemplified, if not fairly exhausted, in expatiation upon the wisdom and policy of protecting from all coercive processes the home that shelters a family. Green & Sons v. Pennington, 123 Ky. 837, 97 S. W. 766, 30 Ky. Law Rep. 203; Cook v. McChristian, 4 Cal. 26; Charless v. Lamberson, 1 Iowa, 439, 63 Am. Dec. 457; Franklin v. Coffee, 18 Tex. 415, 70 Am. Dec. 292; Thompson, Homestead and Exemption, Sec. 1.

The homestead right is not in derogation of the common law (29 C. J., Sec. 2, p. 782), but it is in derogation of the rights of creditors, and is considered of more importance than the payment of debts. It must prevail in every contest with creditors where the homestead right is proven to exist. The ultimate question, therefore, is whether the asserted right to a homestead is established. Byrns argues that this case comes within the reasoning and policy of the authorities which hold that two or more tracts of land may be considered as one and held as a homestead where they are so used, and the creditor readily can see from the character of the use that neither of the tracts of land is an asset available to him. Bennett v. Baird, 81 Ky. 554; Weber v. Gardner, 80 S. W. 481, 26 Ky. Law Rep. 44; Mason v. Columbia Finance & Trust Co., 99 Ky. 117, 35 S. W. 115, 18 Ky. Law Rep. 40, 59 Am. St. Rep. 451; Donaldson v. Richart, 60 S. W. 405, 22 Ky. Law Rep. 1268; Buckler v. Brown, 101 Ky. 46, 39 S. W. 509, 825, 19 Ky. Law Rep. 85; Franks v. Lucas, 14 Bush, 395; Green & Sons v. Pennington, 123 Ky. 837, 97 S. W. 766, 30 Ky. Law Rep. 203; Turner v. Browning's Adm'r, 128 Ky. 79, 107 S. W. 318, 32 Ky. Law Rep. 891; Farmer v. Hampton, 154 Ky. 83, 156 S. W. 1041; Mann Bros. v. Jenkins, 110 S. W. 387, 33 Ky. Law Rep. 589; Gaar, Scott

& Co. v. Reesor, 91 S. W. 717, 28 Ky. Law Rep. 1308; Jewell v. Clark's Ex'r, 78 Ky. 398; Robinson, Norton & Co. v. Burnett, 174 Ky. 766, 192 S. W. 871; Nickols v. Sennett, 5 Ky. Law Rep. 199; Frizzell v. Rozzell, 155 Ky. 631, 160 S. W. 244.

These decisions sustain the right to a homestead in two or more tracts of land, when they (1) are worth together not exceeding $1,000; (2) are contiguous, or in such proximity as to be used in conjunction substantially as one tract; and (3) contain a dwelling place actually occupied as a homestead in connection with which all the land is used as an entirety. It is plain that Byrns fails to bring his land within the protection of these most liberal applications of the statute. He has but one tract of land, which is not occupied as a homestead, or capable at present of such occupation; and it is not used in connection with another tract in such manner as to meet the requirements or answer the demands of the principle invoked. He is not a farmer, actual or potential, and uses his farm purely as an investment or source of income. His home is with his wife, who lives in her own property, and who could claim a homestead therein against the claims of her creditors. Herring v. Johnson (Ky.) 72 S. W. 793, 24 Ky. Law Rep. 1940. On the other hand, we have held consistently that the statute does not extend to or embrace a case where the execution debtor neither has his home upon the premises, nor has treated or used the property as his place of residence, nor manifested, by acts or otherwise, any intention, presently or prospectively, of using the property as a home for himself and family. Brown v. Martin, 4 Bush, 47; Carter v. Goodman, 11 Bush, 231; Hansford v. Holdam, 14 Bush, 210; Curran v. Culp, 15 S. W. 657, 13 Ky. Law Rep. 84; Stovall v. Hibbs, 32 S. W. 1087, 17 Ky. Law Rep. 906; Eversole v. First Nat. Bank (Ky.) 118 S. W. 962; Fant v. Talbot, 81 Ky. 25; Creager v. Creager, 87 Ky. 449, 9 S. W. 380, 10 Ky. Rep. 424; Neel v. Campton, 201 Ky. 1, 255 S. W. 840, 30 A. L. R. 765; Clay's Committee v. Washington, 183 Ky. 762, 210 S. W. 484; Demarest v. Allen, 189 Ky. 32, 244 S. W. 458; Garrison v. Penn, 66 S. W. 14, 23 Ky. Law Rep. 1775.

Here the land had never been occupied as a home. It was not suitable for the purpose, as it contained no dwelling house. It was not used in connection with any other property upon which the claimant did have a house,

The husband has no right, during the life of his wife, to homestead in her land (Spratt v. Allen, 106 Ky. 274, 50 S. W. 270, 20 Ky. Law Rep. 1822; 29 C. J., p. 790), and he may not unite her homestead hypothetically with his land to give it a character it does not of itself possess. His wife's home in which he has no present estate or homestead right of occupancy may not be synthetically fused with his segregated land not adaptable or capable of being claimed as a homestead, and thereby create a fictitious exemption from debt not covered by the terms or contemplated by the purpose of the statute on which the right of homestead depends. Land which is not a homestead may not be converted into one by merely contemplating it in connection with the distant home of the owner's wife, which is not his homestead either. Any proposition that the husband's nonexempt land might derive immunity from debt by being placed theoretically in juxta-position with his wife's land, which is not being used in conjunction with his and in which he has no present estate or interest, is lacking even in plausibility. There is no legal legerdemain capable of such miraculous transmutation of nothing into something. The cases in which the homestead has been allowed the husband, although the habitation was on the wife's land (Mason v. Columbia Finance & Trust Co., 99 Ky. 117, 35 S. W. 115, 18 Ky. Law Rep. 40, 59 Am. St. Rep. 451; Buckler v. Brown, 101 Ky. 47, 39 S. W. 509, 825, 19 Ky. Law Rep. 85; Robinson, etc., Co. v. Burnett, 174 Ky. 766, 192 S. W. 871) proceeded upon the assumption that the farms were practically one and so cultivated and used as to constitute, in contemplation of the statute, the family homestead, and protected from coercive process at the instance of either husband or wife. The claim of Byrns does not respond to any of the definitions of a homestead. Bouvier's Law Dictionary, vol. 2, p. 1450; 29 C. J., 781. It does not answer to any of the descriptions in the cases cited, and it does not satisfy any of the reasons underlying the statute which was designated to protect from the claims of creditors the homestead where a family dwells. Garrison v. Penn, 66 S. W. 14, 23 Ky. Law Rep. 1775. It follows that the circuit court erred in sustaining the claim of Byrns to a homestead. The judgment in this case should have been in favor of the creditor.

Judgment reversed for a judgment in accordance with this opinion.