**In re Gene GILL, Helen Gill, Debtors.**

**Bankruptcy No. 58500301.**

United States Bankruptcy Court,
W.D. Kentucky.

May 23, 1986.

Mark Whitlow, Paducah, Ky., for defendant.

Larry G. Kelly, Wickliffe, Ky., for plaintiff.

James Harris, Paducah, Ky., trustee.

## MEMORANDUM OPINION

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

Here an objecting creditor urges us to formulate a new common law rule which would radically alter Kentucky's statutory grant of homestead exemptions. The proposed rule would have us measure the homestead not by the four corners of the deed, but by the fence around the curtilage. For reasons both practical and legal we reject the argument. The facts may be summarized in a single paragraph.

For the past several years the debtors, Gene and Helen Gill,[1] have resided on a 55-acre farm in Carlisle County, Kentucky. The farm is subject to two mortgages and a judicial lien held by the plaintiff, Citizens State Bank of Wickliffe, Kentucky (Citizens). Shortly after the debtors filed their Chapter 7 bankruptcy petition, they moved to avoid the judicial lien on their farm under the provisions of 11 U.S.C. § 522(f).[2]

---

**1.** Helen Gill died after the petition was filed, a fact which, however unfortunate, has no direct impact on the present action. A case is to be continued in the same manner, to the extent possible, as though the death had not occurred. *See* Section 8 (11 U.S.C. § 26) of the Bankruptcy Act of 1898. Upon the adoption of the present

Bankruptcy Code, Section 8 of the 1898 Act was deleted as unnecessary. H.Rept. No 95-595, p. 368, U.S.Code Cong. & Admin.News 1978, p. 5787; Bkr-L.Ed., Legislative History § 82:17. *See also In re Cole,* 45 B.R. 690 (Bkrtcy.W.D.Ky. 1985); *In re McNealy,* 31 B.R. 932 (Bkrtcy.S.D. Ohio 1983).

**2.** 11 U.S.C. § 522(f) provides in pertinent part that:
> [T]he debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under [11 U.S.C. § 522(b)], if such lien is—
> (1) a judicial lien ...

Citizens objected to the debtors' motion on the ground that they did not need the entire 55 acres for a homestead. Obviously the bank wishes to retain the value of its lien on some portion of the farm property, the legal description of which is that of a single undivided tract.

Kentucky's homestead exemption statute, KRS § 427.060 provides that:

In addition to any exemption of personal property, an individual debtor's aggregate interest, not to exceed $5,000 in value, *in real or personal property that such debtor or a dependent of such debtor uses as a permanent residence* in this state, or in a burial plot for such debtor or a dependent of such debtor is exempt from sale under execution, attachment or judgment, except to foreclose a mortgage given by the owner of a homestead or for purchase money due thereon. This exemption shall not apply if the debt or liability existed prior to the purchase of the property or the erection of the improvements thereon. [emphasis added]

This version of the homestead exemption statute, enacted in 1980, has not been interpreted by the Kentucky state courts. In deciding issues founded on state law where neither the legislature nor the highest court of a state has clearly spoken, a federal court must anticipate the rule of law which would be applied by the state courts if they were confronted by the same issue.[3]

Counsel for Citizens contends that the Kentucky Homestead exemption should be narrowly construed, to allow the debtors an exemption only in their house and the land on which the house sits. Under this curtilage reading of the statute, the debtors would be unable to avoid Citizens' judgment lien on the balance of the farm under Section 522(f) of the Bankruptcy Code, since Citizens' lien would not impair the debtor's newly delimited exemptions.

While the argument is clever and, surprisingly, even has some support in dicta from a 40-year-old Kentucky decision[4] interpreting an earlier homestead exemption statute, we find it to be without redeeming legal value.

It is a settled rule of law that exemption statutes are to be liberally construed in favor of the debtor.[5] In examining KRS § 427.060 from this perspective we find no limitations, other than those expressed in the legal description contained in the appropriate deed and mortgage, on the amount of living space a debtor may occupy in safety from his creditors. The statute does not speak in terms of the *area* of real estate which may be claimed as a homestead exemption, but rather in terms of the *equity value* which may be protected, which is $5,000. We believe the intent of this provision to be that a debtor may exempt up to that dollar value in a single piece of property which includes the residence, *without any fixed limitations on the size of the tract of land upon which that residence is situated.*[6]

Were we to adopt the interpretation of KRS § 427.060 advanced by Citizens, bankruptcy courts could become courts of judicial partition, carving out smaller areas of

---

3. *C.I.R. v. Estate of Bosch,* 387 U.S. 456, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967); *Cole v. Cardoza* 441 F.2d 1337 (6th Cir.1971).

4. *Kelly v. Kelly's Ex'r et al.,* 299 Ky. 861, 186 S.W.2d 902 (1945). In that case, involving the interpretation of a will, the court stated in passing: "[The term homestead] as used in exemption statutes, has a more limited meaning. The term in its statutory sense means the land, *not exceeding the prescribed amount, upon which is located the dwelling house of the owner...*" [emphasis added].

5. *Tignor v. Parkinson,* 729 F.2d 977 (4th Cir. 1984); *Matter of Smith,* 640 F.2d 888 (7th Cir. 1981); *In re Bennett,* 36 B.R. 893 (Bkrtcy.W.D. Ky.1984).

6. Our decision today merely means that there is *no fixed size limit* on the amount of property which can be claimed as a homestead. Other factors may limit what property a debtor may claim as his homestead. *See Generally In re Washington,* 17 B.R. 52 (Bkrtcy.W.D.Ky.1981); *Brewer v. Brewer,* 268 Ky. 625, 105 S.W.2d 582 (1937); *Tyler's Ex'r v. Williamson,* 237 Ky. 579, 36 S.W.2d 34 (1931); *Covington Bros. & Co. v. Byrns,* 230 Ky. 66, 18 S.W.2d 870 (1929).

land mass protected from attachment on the basis of individual need—so many square feet for an individual debtor, presumably, so many more for a married couple, so much acreage for a couple with two children, so much more for a family of ten with two dogs and a cat, and so on and on *ad absurdum.*[7] Obviously such outrageous results could not have been envisioned by the Kentucky legislature and cannot be legislated by this court.

In conclusion we hold that the debtors are entitled to a homestead exemption in the entire 55-acre farm where their permanent residence is located, and the judicial lien of Citizens can be avoided to that same extent. A final order relecting these findings will be entered with this opinion.

---

**7.** Counsel for the debtors listed just a few of the steps this court would have to take in determining the debtors' homestead:

1. Determine how much land surrounding the debtors' support or residence.
2. Draw arbitrary division lines excising the debtors' house and lot from the tract of land encumbered by creditors' liens.
3. Value the house and lot retained as the debtors' homestead exemption and also value the balance of the 55 acre tract.
4. Prorate the amounts owed on the two mortgages between the debtors' house/lot and the balance of the tract.
5. Determine the amount of the debtors' homestead.
6. Devise a proper order which would serve as notice to future title examiners of the division of the land and the applicability of the debtors' homestead exemption.