## Kinser v. Norvelle-Chambers Shoe Company, et al.

(Decided December 16, 1921.)

### Appeal from Pike Circuit Court.

1. Homestead—Debt Contracted Prior to Acquisition of Homestead. —One otherwise entitled to homestead cannot claim such right against a debt contracted prior to the acquisition of the homestead, unless the homestead is purchased with money derived from the sale of another homestead which was exempt from the debt in question.

2.  Homestead—Pleading—Evidence.—Where one sells his homestead on which he has a store and stock of goods, all in gross, and there is no way to determine what part of the sale price was paid for the homestead and what part for the merchandise, no allowance can be made for homestead, for every claimant to homestead right must manifest his right to such both by pleading and evidence if the plea be controverted.

3.  Homestead—Execution—Creation of Debt.—A homestead acquired before the debt was created on which execution is issued is not subject to such execution.

J. C. CANTRILL and G. R. BLACKBURN for appellant.

R. H. COOPER for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming in part and reversing in part.

Appellant Kinser, with his wife and eight children, lives in a box house on a small piece of ground near the bed of Pond creek in Pike county. This property, which has been twice appraised at $800.00, is near a mining camp and is used and claimed by appellant as a homestead. It having been sold under executions in favor of appellees Norvelle-Chambers Shoe Company and Lynchburg Shoe Company against appellant and bought in by appellee companies for their debts and the sheriff having made a joint deed to the two companies for the property, Kinser brought this action against the shoe companies to obtain a cancellation of the sheriff's deed and to have said property assigned him as homestead for himself and family. This relief was denied by the trial court and Kinser has appealed here.

He owned in 1912 a homestead in a lot and house near the one in question. In that year Kinser embarked in the merchandising business and became involved. On June 3, 1913, he sold his house, lot and stock of goods to Lester Brothers for $1,500.00, of which sum he was paid only $140.00 in cash and the balance went to his creditors. With this $140.00 Kinser bought the lot in controversy on June 19, 1913, and immediately erected a small box house thereon into which he and his family promptly moved and have at all times since and now reside. Before he purchased the lot he purchased goods from appellee, Lynchburg Shoe Company, to the amount of $139.22. This was in February before he acquired the lot and built the house in June, 1913. He owned no other real estate. Later he gave the shoe company two notes of

$69.61 each for said goods. These notes were reduced to judgment, on which one of the executions issued under which the house and lot were sold in November, 1915, and bought in by appellee, Lynchburg Shoe Company for $170.00. It is not shown in the evidence what part of the $1,500.00 consideration for the sale of his original homestead to Lester Brothers was for house and lot and what amount was in payment for his stock of goods, nor is there anything from which we can fix the value of said homestead. As Kinser had no right to claim homestead in the stock of merchandise which he sold to Lester Brothers, we are unable to determine what part, if any, of the consideration arising from the sale was exempt as his homestead. If the sale had been of the house and lot at a given sum and the merchandise at another sum, which two sums totaled $1,500.00, Kinser would be entitled to claim as exempt all that part which was paid for his original homestead if it did not, as we believe is ad-, mited, exceed $1,000.00. It is well settled that one who owns a homestead may sell it and with the proceeds of the sale  buy another homestead which will be exempt from all debts just as was the former homestead. Lee & Hester v. Hughes, &c., 25 R. 1201; Green & Sons v. Pennington, 123 Ky. 837; Baker v. Kash, 113 S. W. 820; Farmers and Traders Bank v. Childers, et al., 150 Ky. 719; Robinson, Norton & Co. v. Burnett, 174 Ky. 766.

Under this rule Kinser had the right to sell his original homestead and with the proceeds received from Lester Brothers acquire a new one, and this last one would have been exempt from all his mercantile obligations the same as the original homestead. But under the sale in gross which he made we are unable to determine what part of the sale price was for the homestead and what for the merchandise in which he had no exemption. The homestead exemption is of statutory origin and one who would avail himself of its benefits must manifest his right to the same. If he does not do so, although the unproven facts may warrant it, no relief can be had. This is Kinser's situation. Although he could have preserved his original homestead and invested it in the home in controversy he did not do so, or at least does not manifest such facts as would warrant a court in so holding. It follows, therefore, that the present home of Kinser was subject to the execution of the Lynchburg Shoe Company for $139.22, with interest and costs.

The facts with respect to the debt, execution and sale to the appellee, Norvelle-Chambers Shoe Company, are very different and lead to a different conclusion. Its debt was created after the purchase of the homestead by Kinser. Indeed, Kinser was living with his wife and family on the lot and in the house at the time of the purchase of the goods and the creation of the debt. It is said, however, that Kinser made improvements of great value to the house after the creation of this debt and that these improvements greatly enhanced the value of the property, which enhancement is subject to this debt because the improvements were made with money or property out of which the shoe company was entitled to make its debt. . While there is some evidence which tends to support this view the great weight of the evidence is to the contrary.and we are thoroughly convinced that there is no part of this property subject to the appellee Norvellee-Chambers Shoe Company debt. The trial court erred in holding the property subject to this debt. As the property is shown to be worth about $800.00 it would be unconscionable to allow the appellee Lynchburg Shoe Company to take it under the sheriff's deeds through which it claims. Inasmuch as the sheriff sold the property twice at the same time on the same day to different persons at different prices and we are unable to tell whether the appellee Lynchburg Shoe Company was the first and therefore true purchaser we must hold the sale and deed insufficient to pass the fee title to said company but only vest it with an enforcible lien upon said property for its debt, $139.22, with interest and costs.

Judgment reversed for proceedings not inconsistent herewith.